## THE TOWN OF OLD TOWN

*v.*

## WILLIAM H. DOOLEY.

1. HIGHWAY—*rights of land owner as to easement.* By the location of a highway over a party's land, the public acquire only an easement, with the rights incident thereto, while he retains the fee simple in the land taken, and the exclusive ownership of everything connected with the soil for every purpose not incompatible with the public right of way, and he may make any use of the land to which it can be applied, and all profits which can be derived from it, consistently with the enjoyment of the easement.

2. SAME—*does not give right to use spring.* The right of way existing in the public over land as a highway, is only a right of passage, and not a right to get water either in streams or springs on the soil of the land-owner. A spring in a public road is not a part of the highway, and its use is not an incident to the use of the same.

3. SAME—*consent to join fence to bridge, need not be in writing.* The statute giving the owner of land bordering on a public road the right to connect his road fence on either or both banks of a stream or body of water to any bridge over the stream, or to any abutment, etc., thereof, upon the consent of the commissioners of highways, except in certain cases, does not require that a record shall be made of such consent, or that it shall be given in writing, but it may be in parol only.

4. SAME—*consent to join fence to bridge conclusive evidence.* The consent of the commissioners of highways for a land owner to join his fence to a bridge over a stream, is conclusive evidence that such fence in the highway does not interfere with the use of the right of way by the public.

5. SAME—*fence to bridge, whether built under the direction of road authorities.* Where the commissioners of highways, after fences have been built connecting with a bridge, examine the same and are satisfied with them, this will be the same as if they were built under their direction, and answers the requirements of the law.

6. SAME—*necessary ford, defined.* The words, necessary ford, in the proviso of the statute, giving the right to connect fences with a bridge over a stream, etc., do not mean a convenient ford, but one that is indispensable to the public use. If the bridge affords every facility for crossing the stream, the ford can not be called necessary.

7. COMMISSIONERS OF HIGHWAYS—*when acts must be in writing, or of record.* Where the statutes defining the powers and prescribing the duties of such *quasi* corporations as the commissioners of highways, do not enjoin that they shall make a record of their acts, or preserve the evidence thereof in writing, they may lawfully act without doing so, and parol evidence of their acts in such cases is competent.

APPEAL from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

This was a prosecution instituted by the appellant against the appellee, before a justice of the peace, for an alleged obstruction of a highway, and taken by appeal to the circuit court, where a trial was had, resulting in a judgment for the defendant.

Messrs. STEVENSON & EWING, and Messrs. FIFER & PHILLIPS, for the appellant.

Messrs. ROWELL & HAMILTON, and Messrs. REEVES & TIPTON, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The question here is, whether appellant is liable under the statute for failing to remove an obstruction in a highway after due notice given for that purpose.

The cause, by agreement of parties, was tried by the court without the intervention of a jury, and the judgment was for appellee.

Appellee is the owner of the land on both sides of a public highway, where it crosses a stream of water called Kickapoo.

A bridge was erected across the stream, by appellant, about three years prior to the commencement of the suit, at this point, ample for the accommodation of the public. Subsequent to the erection of the bridge, the commissioners of highways gave appellee permission to connect his fences with the approaches to the bridge, which he proceeded to do. The failure to remove these fences constitutes the gravamen of the action.

Section 64 of the chapter entitled "Roads and Bridges," (R. L. 1874, p. 922) is as follows: "And where any bridge on a public road is constructed over a stream or body of water, where the depth or current of water, or the nature of the bank or banks of such stream or body of water is such as to render a fence on the marginal line of the public road impracticable, or very expensive to construct and keep in repair, the owner of the land bordering on the public road shall have the right to connect the road fence on either or both banks of the stream or body of water, to said bridge or any pier or abutment thereof, or to any embankment or timber approach to said bridge: *Provided*, that no necessary ford across said stream or body of water shall be permanently obstructed thereby: *And, provided, further*, that any such connecting fence shall be constructed by the consent and under the direction of the commissioners of highways of the town in which the bridge may be located."

It appears the consent obtained by appellee was verbally given, only, and was from two of the commissioners of highways—appellee being himself the third; and it is insisted that the commissioners could only grant such consent when acting as a board; and that no other than record evidence thereof is admissible.

The statute does not require that any record shall be made of such consent, or that it shall be given in writing, and we are therefore of opinion that it may be by parol.

The public only acquired an easement in appellee's land by the location of the highway, with the rights and incidents necessary to its enjoyment as a highway; and, before the

17—81st Ill.

enactment of the statute, under the principles of the common law, he retained the fee simple title in the land and the exclusive ownership of everything connected with the soil, for every purpose not incompatible with the public right of way. So, also, he might make any and all uses of the land to which it could be applied, and all profits which could be derived from it, consistently with the enjoyment of the easement. Washburn on Easements, pp. 159–196; Angell on Highways, secs. 302, 303.

It will thus be seen the statute goes but little, if any, beyond confirming in the owner of the land and regulating a right which he held before its enactment. It says, in substance, the assertion, by the owner of the land, of the rights and privileges mentioned, if done by the permission of the commissioners of highways, shall not be deemed inconsistent with the enjoyment of the right of way by the public. The right to build the fences, speaking accurately, is not given by the commissioners, but it is conferred by law, subject to the condition that it shall not interfere with the use of the right of way by the public, of which the consent of the commissioners, and the building of the fences under their direction, is made conclusive evidence. The fact that commissioners of highways are *quasi* corporations, does not, of itself, render it indispensable that no act done by them shall be valid unless a record thereof be made.

The statute has indicated certain things of which they shall make a record, and how it shall be made; while other duties are imposed, in the discharge of which none is required, and, obviously, none was intended; and where, as in the present instance, neither the Statute of Frauds makes it indispensable to the validity of the act that there shall be a writing, nor the statute defining the powers and prescribing the duties of such *quasi* corporations enjoins that they shall make a record, or preserve the evidence in writing, we are of opinion they may lawfully act without doing so, and that parol evidence of their acts, will, consequently, in such cases be competent.

It is likewise objected that the evidence fails to show that the fences were built under the direction of the commissioners of highways. The evidence shows that after the fences were built the commissioners examined them, and were satisfied with them—this they all swear. This, then, was all that would have been accomplished had they been built under the immediate direction of the commissioners. The spirit of the law is complied with, and that is all that was necessary.

A final objection insisted upon is, that the evidence shows a necessary ford across the stream is obstructed by fences. The word "necessary" is defined by lexicographers as synonymous with "indispensable," "unavoidable," or "that which must be." In this sense the evidence clearly fails to sustain the position contended for. The bridge is described as being one of the best in McLean county, and furnishing abundant facilities for crossing the stream to all who have occasion to travel the highway.

But if we shall hold it as meaning, in the connection it is found, "convenient" merely, which we do not think is admissible, still the evidence falls short, in our estimation, of sustaining appellant's position.

Before the present bridge was built there was an old bridge, by the side of which was a convenient ford, much used by the public. But the present bridge occupies the site of that ford; and the new one beside it, and the one claimed to be obstructed, the decided preponderance of evidence shows, is inconvenient, its banks being steep and difficult to ascend or descend, and that it was only occasionally used before the building of the fences, by persons desiring to water their teams, or wet the wheels of their wagons in the stream, for the purpose of tightening the tires, and, when the stream was dry, by persons desiring to water their teams at a spring on appellee's land, near by. The right of way existing in the public is a right of passage along the highway, and not a right to get water either in streams or springs, on the soil of the land owners. The water is no part of the highway, and its use is not an incident to the use of the highway.

We entirely concur with the court below, both in its conclusions of law and of fact, and the judgment is accordingly affirmed.

*Judgment affirmed.*