## FREDERICK KRUEGER
### v.
## TOWN OF PALATINE.

1. PUBLIC HIGHWAYS—OWNER OF THE FEE.—Where a public highway is laid out by road commissioners under the provisions of the statute of this State, over the land of a private owner, the public only acquire an easement in the land included in the limits of the highway and the owner retains the fee simple title in the land and the exclusive ownership of it for every purpose not incompatible with the public right of way.

2. SAME—INCORPORATED TOWNS.—The rights of the public in the use of the street may be more enlarged in incorporated towns and villages, than where the street or highway is an ordinary country road. But by the increased use of the highway, the public do not gain any new right as against the owner of the soil, only a more extended enjoyment of the right.

3. SAME—RIGHT NOT DIVESTED BY TOWN ORDINANCE.—The owner of the fee took gravel from a bank on the public highway, from which the town authorities were taking it to repair other streets in the town. No injury was done to the condition of the road or street by such taking. Held, that the owner had the right to take such soil, and that such right could not be divested by force of a town ordinance.

APPEAL from the Criminal Court of Cook county; the Hon. LORIN C. COLLINS, Judge, presiding. Opinion filed December 16, 1886.

This was an action of debt commenced before a justice of the peace, to recover a penalty for an alleged violation of an ordinance of the town of Palatine. Appellant was fined by

Krueger v. Town of Palatine.

the justice, and appealed the case to the Criminal Court of Cook county, where the case was heard by the court without a jury, and a fine of eleven dollars assessed against the appellant. The following are the facts so agreed to by the parties.

1. The plaintiff was incorporated by a special act of the legislature of Illinois, approved March 25, A. D. 1869.

2. That the board of trustees of said town did, on June 1, A. D. 1874, ordain that it should not be lawful for any person to remove any dirt or earth from off any of the streets within the limits of said town, for personal or individual purposes, whatever, without first obtaining the consent of the said board, and that any person violating such ordinance, should, upon conviction, forfeit and pay a fine of one dollar for every load of earth so removed; which ordinance is still in force in said town.

3. That the defendant, by order of John Kitson, did, on or about the 15th day of October, 1885, take and carry away from within the boundaries of said Smith street, and west of the center thereof, eleven loads of gravel, worth fifty cents a load.

4. That at the time defendant took said gravel said John Kitson owned the land from which the gravel was taken, subject to all the rights of said town in and to said Smith street, and that said Kitson became such owner long after said town was incorporated.

5. That said Smith street was originally a public highway, laid out by the road commmissioners of Palatine, over twenty years ago, and was, at the time defendant took said gravel, all within the boundaries fixed by special act of incorporation of the town of Palatine, passed by the legislature of Illinois, and approved March 25, 1869.

6. That the corporate authorities of said town, at the time said gravel was taken by the defendant, were engaged in removing the gravel from the portion of Smith street from which defendant took said gravel, for the purpose of grading and repairing that and other streets in said town.

It is further stipulated that the defendant took said gravel

for individual purposes, and took the same without permission or consent of the board of trustees of Palatine; that said gravel is a natural deposit in the form of a ridge or hill, extending across the highway; that said Kitson's farm is partially within the corporate limits, and adjoins said highway, but is not laid out into town lots; that the grade of Smith street has not been fixed by a municipal ordinance, nor was any vote, resolution or ordinance recorded directing the removal of said gravel; and that before said gravel was taken by the defendant, Krueger, said Kitson forbade the corporate authorities to take gravel from the said west side of Smith street, and was then told by the street commissioners that the corporate authorities desired and needed said soil to repair Smith street and other streets in said corporation.

Mr. E. A. SHERBURNE, for appellant; that the owner of the fee had therein all property rights not incompatible with the public enjoyment of the highway, cited Old Town v. Dooley, 81 Ill. 256; Angell on Highways, 395, § 301; Goodlittle v. Alker, 1 Bur. 133; Stager's Road and Bridge Law, Law of Ill. 24; Williams v. Kenney, 14 Barb. 629; Jocksin v. Hathaway, 15 Johnson (N. Y.), 452; Tucker v. Benedict, 6 R. I. 404; I. B. & W. R. R. Co. v. Hartley, 67 Ill. 439; Board of Trade Tel. Co. v. Barnett, 107 Ill. 515; Nicholson v. N. Y. & N. H. R. R. Co., 22 Conn. 83; Cumming v. Prang, 26 Mich. 514; Williams v. Kenney, 14 Barb. 629; Smith v. City of Rome, 19 Ga. 89.

Mr. C. S. CUTTING, for appellee; that where a railroad company acquired an easement only by condemnation, the owner of the fee could not remove soil or sod from that part of the right of way not actually in use, cited C. & P. R. R. Co. v. Holton, 32 Vt. 43.

Although the fee of the street may be in the adjoining lot owner, the city in grading may remove the soil and use it in grading that or another street: Dillon on Municipal Corporations, 3d Ed., §§ 687–689; New Haven v. Sargent, 38 Conn. 50; Callendar v. Marsh, 1 Pick. 418; Boston v. Richardson, 13 Allen, 146.

The public must be taken to get every right necessary to the beneficial use and enjoyment of the street, and these rights in the streets of a populous place are much more enlarged and various than with respect to ordinary highways: Dillon on Municipal Corporations, 3d Ed., 609, 688; Cincinnati v. White, 6 Peters, 431; Cincinnati v. Penny, 21 Ohio, 499.

Moran, J.   When a public highway is laid out by road commissioners, under the provisions of the statute of this State, over the land of a private owner, the public only acquire an easement in the land included in the limits of the highway, and the owner retains the fee simple title in the land and the exclusive ownership of it for every purpose not incompatible with the public right of way. Old Town v. Dooley, 81 Ill. 255.

The common law principle is thus stated: "The public acquired no more than the right of way, with the powers and privileges incident to that right, such as digging the soil and using the timber and other materials found within the space of the road, in a reasonable manner, for the purpose of making and repairing the road and its bridges. When the sovereign imposes a public right of way upon the land of an individual, the title of the former owner is not extinguished, but is so qualified that it can only be enjoyed subject to that easement. The former proprietor still retains his exclusive right in all mines, quarries, springs of water, timber and earth, for every purpose not incompatible with the public right of way." Jackson v. Hathaway, 15 John. 447.

He may remove the trees upon the highway or the grass thereon, and he may work the mines and quarries therein as he may choose, save only he must not interfere with the use of the road as a public highway. His dominion over the land and everything connected therewith is as absolute and complete after the road is laid out upon it as it was before, except that he must submit to the public right of passage upon it, and to the incidental right which the proper public officer has, of taking timber, stone, earth or gravel which he may find within the limits of the highway and using the same in a

reasonable and proper manner, to keep the highway in proper repair.    Angell on Highways, Secs. 302 to 312; Washburn on Easements, 3d edition, page 265; Breman v. May, 35 Iowa, 97.

The passing of the highway known as Smith street, under the control of the corporate authorities of the town of Palatine, by reason of the incorporation of said town, deprived the owner of the land of none of the rights which he had as the owner of the fee to the center of the said highway.    Before the incorporation of the town there can be no doubt, under the authorities above cited, that the owner of the fee might dig and carry away gravel or earth which might be found at the side of the way, and not in the road bed or on the direct line of travel, provided, always, he did not impede the public right of passage or in any manner obstruct the way.    It may be true, as contended by counsel for appellee, that the rights of the public in the use of the streets are more enlarged in incorporate towns and villages than where the street or highway is an ordinary country road.    Where the population is comparatively dense, the necessities of the public in the highway is increased, and a sidewalk for foot passengers may be needed and may be built upon the street, and the street may be traveled to a greater width than would be necessary in a country road.    By the increased use of the highway the public do not gain any new right as against the owner of the soil ; it is but a more extended enjoyment of the right gained when the easement was first acquired.    So streets may be graded and leveled by the proper authorities, and when so graded doubtless the owner of the soil would have no more right to dig or cart away soil, so as to disturb the grade or leave holes or pools in the leveled street, than would a stranger.    There is no pretense that appellant, in taking the gravel, was doing an injury to the condition of the road or street.    He took gravel from the same ridge or bank from which the authorities were taking it to repair other streets in the town.    The right of the corporate authorities to remove the gravel within the limits of the highway, and from the part thereof in which appellant's employer held the fee for the purpose of repairing other streets within their jurisdiction, is asserted by some

Krueger v. Town of Palatine.

courts and questioned by others, but no such question is made in this case, and we express no opinion thereon. In only one case, that of Sargent v. New Haven, 38 Conn. 56, is the right of corporate authorities to the surplus soil on the street held to be paramount to that of the owner of the fee, and that arose in a populous city, where a grade was established and a new street laid out, and a board of compensation of the city appraised the damages and assessed the benefits; and the court held that such board, when it assessed damages, contemplated that the material excavated to bring the street down to grade would probably be removed to some other street which required to be elevated, and that presumptively the owner had been paid for the soil to be taken. The right of the owner of the fee to sand and gravel or stone within the limits of the highway, has been frequently sustained by the courts. In Smith v. The City of Rome, 19 Geo. 89, the fragments of rock which resulted from the process of leveling a rocky bluff within the limits of the street, were held to belong to the owner of the soil, who had made a gift to the city of the right of way over his land. In Cumming v. Prang, 26 Mich. 514, the owner of the soil recovered for gravel taken from a public alley, by a contractor who was grading the same, and used by him on streets of the city which he was under contract with the city to grade. In Williams v. Kenney, 14 Barb. 629, it was said that the owner of the soil over which a public highway was laid, might sell and remove any portion of a bank of sand in the highway which could be removed without prejudice to the public easement. The right of the owner of the soil is one that can not be divested by force of a town ordinance. Before the public can prevent his taking gravel from a ridge in the highway in which he owns the fee, they must show an extinguishment of his right by a proceeding which will vest in the public the exclusive title to it. Ordinances must be reasonable and just, and must not contravene public right, or be so construed as to deprive an individual of a property right without just compensation is made therefor. The ordinance in evidence, though so far as it protects the soil in the streets from appropriation by strangers it is probably valid, yet so far as it may be construed to impose a pen-

alty on the owner of the fee in the highway for taking gravel or earth therefrom for his individual use, when no injury is thereby done to the surface of the traveled way or road bed, is unreasonable, unauthorized and void. The owner's right to appropriate to his own use such portion of the gravel as he may desire, is in no way incompatible with the right of the public officers to use gravel from the same bank or ridge as it may be reasonably needed for the repair of the streets or highway. Assuming the law to be that he could not prevent the carting of it off by the proper officer to repair other streets in the town, yet it is very clear that he can not be prevented from taking it for his own purposes, no matter how apparent the present or future needs of the town for gravel to repair the streets might be. In taking the gravel appellant was acting as the servant of the owner of the said soil, and his employer's direction was a complete justification.

The judgment of the criminal court, fining the appellant, was erroneous, and must therefore be reversed.

Judgment reversed.