## Town of Sadorus v. James Black.

1. OBSTRUCTION OF HIGHWAYS—*Connecting Fences with Bridges, etc.*—Under section 64 of chapter 121, R. S., entitled "Roads and Bridges," a person is not guilty of obstructing the highway by the construction of winged fences extending from the ends of a bridge across a stream to the fence owned by him, he being the owner of the lands on both sides of the road.

2. HIGHWAYS AND BRIDGES—*Rights of the Landowner.*—The public easement of the highway is to the extent necessary for the enjoyment of the highway, and no further, and the owner of the land may still make any appropriate use of it, not inconsistent with the easement.

Debt, for the recovery of penalty for obstructing a highway. Appeal from the Circuit Court of Champaign County; the Hon. FRANCIS M. WRIGHT, Judge, presiding. Heard in this court at the November term, 1895. Affirmed. Opinion filed May 16, 1896.

WOLFE & SAVAGE, attorneys for appellant.

J. L. RAY, attorney for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

In this case the appellant sought to recover a penalty provided by statute against appellee for obstructing a public highway.

The alleged obstruction consisted of wing fences extending from the ends of a bridge across a stream to the fences of the appellee, who owned the land on both sides of the road.

The evidence sufficiently brings appellee within the provisions of Sec. 64, Ch. 121, R. S., 1874, which was in force at the time the bridge and fences were built. The jury were warranted in finding that it would be " very expensive," if not "impracticable," to maintain fences across the stream on the marginal line of the highway, and that no necessary ford was permanently obstructed—in which case the owner had the right, under the section cited, to connect his fences on both sides of the stream with the bridge—and there was also evidence enough to support a finding that the fences complained of were constructed by the consent, under the direction, and partly at the expense of the commissioners of highways.

In referring to this statute the Supreme Court say that it goes but little, if any, beyond confirming in the land owner a right which he already had. The public easement was to the extent necessary for the enjoyment of the highway and no further, and the owner of the land might still make any appropriate use of it not inconsistent with the easement. " The right to build the fences, speaking accurately, is not given by the commissioners, but is conferred by law, subject to the condition that it shall not interfere with the use of the right of way by the public, of which the consent of the commissioners and the building of the fences under their direction is made conclusive evidence." Town of Old Town v. Dooley, 81 Ill. 255.

Some complaint is made of the ruling of the court in giving and refusing instructions.

After reading with care the entire series, as given, we are satisfied the appellant has no substantial ground of objection. While there may be some inaccuracy in one or more of the instructions given for appellee; yet, in view of the evidence, it is not probable the jury were misled.

All that was necessary in behalf of appellant was given.

We think the conclusion reached by the jury was correct and that the alleged errors are not of sufficient importance to warrant a reversal or to require a more extended discussion.

The judgment will be affirmed.