TOWNSHIP OF WHITLEY

*v.*

JERRY LINVILLE.

*Opinion filed October 24, 1898.*

1. HIGHWAYS—*drainage ditch at side of road is part of highway.* A ditch for drainage purposes, constructed along and upon a highway, is as much a part of the highway as the traveled road, and the fencing in thereof by an adjoining proprietor is an obstruction.

2. EVIDENCE—*fact that road as obstructed is as wide as in other places is immaterial.* In a suit for obstructing a highway used by the public without interruption for over fifteen years, it is not competent for the defendant to show that the road as obstructed is as wide as the highway in either direction from the obstruction.

WRIT OF ERROR to the Circuit Court of Moultrie county; the Hon. EDWARD P. VAIL, Judge, presiding.

R. M. PEADRO, for plaintiff in error.

JOHN R. & WALTER EDEN, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Defendant in error was prosecuted before a justice of the peace for obstructing a public highway, and was convicted. On appeal to the circuit court there was a trial, and he was found not guilty. Plaintiff in error then sued out a writ of error from this court to review the proceedings in the circuit court.

The public highway in question runs north and south between the land of defendant in error on the east and that of Lot Luttrell on the west. It has been in existence as a highway for more than twenty years, and for at least that length of time has been fenced on each side by the adjoining owners and has been used as a public highway. About twenty years ago an open ditch was dug in the highway as it was fenced out. It was dug by the defendant and one Moberly, who then owned the adjoining land on the west. This ditch ran along the east side and near the fence of the defendant. It started at the south end with a tile drain with which it connected, and ran north, varying in depth from one and a half to eight feet and in width up to fifteen feet in the widest part, for a distance of seventy or seventy-five rods, and then turned west across the traveled road. The land in the highway is low and flat, and the ditch has served the purpose of drainage. It has been used as an outlet by adjoining owners, who tiled into it with the consent of the commissioners, for draining their lands, and they assisted in cleaning it out and keeping it open, part of the expense being paid by them and part by the commissioners. In the spring of 1896 defendant put a barbed wire fence of two strands along the west side of the ditch so as to enclose it with his land. The fence follows the crooks

in the .ditch, and stands about fifteen feet in the widest place from the old fence which enclosed the highway.

Defendant was permitted, against objection, to prove that this highway, after he set his fence out and made the obstruction complained of, was still as wide as the same highway north and south of his lands. This was wrong. The public has been in the uninterrupted use of the highway as it had existed for more than fifteen years, and it was wholly immaterial what kind of highway, or of what width, the public had acquired at other places.

The fourth instruction given at the request of defendant told the jury that if he and other landholders established the road by dedication and gave to the public forty feet for a road, then and in that state of the proof the public would have no right, by the dedication, to more than forty feet. There was no evidence on which to base this instruction. The road, since the encrochment upon it, is forty-two feet wide, and the opinions of a couple of defendant's witnesses that there was still plenty of room to travel, and a good road, were before the jury. The wire fence, as it now exists, is about twenty-two feet from the west line of defendant's land. According to defendant's own testimony he fenced the road out with the original fence, and the only thing looking in any way to a dedication of forty feet was his testimony that he aimed to make the road forty feet wide when he opened it. This aim, if it existed, was a secret, unexpressed intent, not consistent with his act. The highway was not only accepted as fenced, but was used for much more than fifteen years as a public highway. The ditch, which served the purpose of drainage, was as much a part of it as the part which was traveled. It was error to give the instruction.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*