Interstate Ind. Tel. & Telegraph Co. v. Town of Towanda.

cuit Court for another trial, nor are we inclined so to remand on the ground that the verdict is against the weight of the evidence. The evidence is sharply contradictory. The case is peculiarly one for the trial court and jury. No error in the instructions and rulings of the trial judge has been shown. The controversy is over the sum of about one hundred dollars. Four trials have already been had. Another very possibly would result in the same verdict. It is time this litigation was at an end.

The judgment is affirmed.

*Affirmed.*

## Interstate Independent Telephone & Telegraph Company et al. v. Town of Towanda.

1. HIGHWAY COMMISSIONERS—*when notice given by, valid.* A notice given by highway commissioners pursuant to statute is valid, notwithstanding an authorizing resolution was not made a matter of record; except where the statute specifically so provides, highway commissioners may act without an antecedent record being made.

2. OBSTRUCTION OF HIGHWAY—*when telephone company guilty of.* A telephone company is guilty of obstructing a public highway where it places its poles along such highway and upon the same at different places than those directed by the highway commissioners by notice given pursuant to section four of the act entitled "An act relating to the powers, duties and property of telephone companies, in force July 1, 1903."

Action commenced before justice of the peace. Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1905. Affirmed. Opinion filed October 9, 1905.

DE MANGE & HOBLIT and FRANK HANSON, for appellants; M. SLUSSER, of counsel.

ROWELL & LINDLEY, for appellee.

MR. JUSTICE GEST delivered the opinion of the court.

This suit was commenced before a justice of the peace where judgment was rendered against appellants. Upon

56      Appellate Courts of Illinois.

Vol. 123.] Interstate Ind. Tel. & Telegraph Co. v. Town of Towanda.

appeal to the Circuit Court trial was had by the court without a jury, and judgment was again entered against each of appellants in the sum of ten dollars and costs. The suit was brought under section 71 of the act concerning roads and bridges, which prohibits the obstruction of public roads by placing or leaving any obstruction thereon. Appellants placed a large number of their telephone poles upon one of the public roads in the town of Towanda. There is no question but that such acts constituted a violation of that section of the statute, unless appellants had authority therefor. They claim the right so to do under section four of " an act relating to the powers, duties and property of telephone companies," in force July 1, 1903. Section four of that act authorizes telephone companies " to construct, maintain, alter and extend its poles, wires, cables and other appliances as a proper use of highways, along, upon, under, and across any highway, street, alley, water or public ground in this state, but so as not to incommode the public in the use thereof, * * * provided, that before any such lines shall be constructed along any such highway it shall be the duty of the telephone company proposing to construct any such line, to give to the highway commissioners having jurisdiction and control over the road or part thereof, along and over which such line is proposed to be constructed, notice in writing of the purpose and intention of said company to construct such line over and along said road or highway, which said notice shall be served at least ten days before said line shall be placed or constructed over and along said highway; and upon the giving of said notice it shall be the duty of said highway commissioners to specify the portion of such road or highway upon which the said line may be placed and constructed, and it shall thereupon be the duty of the said company to construct its said line in accordance with such specifications; but in the event that the said highway commissioners shall, for any reason, fail to make such specification within ten days after the service of such notice, then the said company, without such specification having been made, may proceed

to place and erect its said line along said highway by placing its posts, poles and abutments so as not to interfere with other proper uses of said road or highway."

Appellant company served a notice on the highway commissioners of the town of Towanda of its intention to put up telephone poles along the highway in question.   Afterwards, at a regular meeting of the commissioners, the subject-matter of the notice was discussed and it was determined to take the advice of counsel, and thereafter such advice was taken, a paper prepared and signed by two of the commissioners as such, in which it is stated that appellants are prohibited "from placing your poles in any part of the said highway other than immediately upon the outside lines of the right of way," which was served upon appellant before any work was done or materials therefor provided on the highway.   For some reason the highway as actually fenced and used for thirty years past is not of equal width throughout, being in some places fifty feet in width and at other places of varying width up to sixty feet, so that numerous jogs thereby occur in the lines of the road.   Notwithstanding the notice given by the commissioners, appellants proceeded to erect the poles by placing more than one hundred of them not along the line but in the highway, at different distances from the line, varying from three to sixteen feet, in order, as stated by counsel, for appellants to build a straight line.   It is argued by appellants, first, that the notice served on them by the commissioners is not shown to have been authorized and directed at a meeting of the commissioners, that the commissioners could act on such a matter only at a meeting, and that the only proof that could be made of such action is the record of such meeting.   Second, that the notice by the commissioners is not a sufficient "specification" as required by the statute.   Town of Old Town v. Dooley, 81 Ill. 255, was a case of the same character as this, a suit against Dooley for obstructing a highway.   Dooley had connected his fences to the approaches of a bridge over a stream and thereby had carried his fence on both sides of

the stream into and on the highway and that was the obstruction complained of. Dooley defended on the ground that the commissioners of highways had given their consent thereto as under the statute they had the power to do. He proved verbal consent by two of the commissioners. It was objected that the commissioners could only grant such consent when acting as a board, and that only record evidence thereof was admissible, the same grounds of objection as now made by appellants. In the opinion of the court it is said : " The statute has indicated certain things of which they shall make a record, and how it shall be made; while other duties are imposed, in the discharge of which none is required, and, obviously, none was intended; and where, as in the present instance, neither the Statute of Frauds makes it indispensable to the validity of the act that there shall be a writing, nor the statute defining the powers and prescribing the duties of such *quasi* corporations enjoins that they shall make a record, or preserve the evidence in writing, we are of opinion they may lawfully act without doing so, and that parol evidence of their acts will, consequently, in such cases be competent." That statement of the law disposes of the first contention, and there is no force in the second. The notice of the commissioners precisely designates the line on which only the poles should be placed.

Divers other points are suggested and argued by counsel, but their discussion by us is unnecessary. The acts done by appellants were without authority and the judgment is right. The abstract furnished by appellants is not full or fair. The cost of appellee's blue print will be charged to appellants, and the judgment is affirmed.

*Affirmed.*