INTER-STATE INDEPENDENT TELEPHONE AND TELEG. CO.

*v.*

THE TOWN OF TOWANDA.

*Opinion filed April 17, 1906.*

1. APPEALS AND ERRORS—*whether telephone poles obstruct the highway is a question of fact.* Whether telephone poles are so erected in the highway as to interfere with other uses of the highway by the public is a question of fact, upon which the findings and judgments of the trial court and Appellate Court are conclusive.

2. TELEPHONE COMPANIES—*failure of commissioners to designate place for poles does not preclude suit for obstructing road.* A telephone company which places its poles as designated by the highway commissioners is not liable to a penalty for obstructing the highway; but if the commissioners fail to designate the portions of the highway to be used, though requested to do so, the telephone company acts at its peril in placing poles, and if they interfere with other uses of the highway the company may be proceeded against for obstructing the highway without being first notified by the commissioners to remove the poles.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding.

DEMANGE & HOBLIT, and FRANK O. HANSON, (M. SLUSSER, of counsel,) for appellants.

ROWELL & LINDLEY, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an action commenced by the appellee against the appellants before a justice of the peace, to recover the penalty prescribed by section 71 of the Road and Bridge act (Hurd's Stat. 1903, p. 1599,) for an alleged obstruction of the public highways of the town of Towanda by placing therein certain telephone poles, upon which were strung a

large number of telephone wires. The appellants were found guilty, and the case was taken by them by appeal to the circuit court of McLean county, where a jury was waived, and upon a trial before the court a fine of $10 was imposed upon each of the appellants and they were adjudged to pay the costs, which judgment was affirmed upon appeal to the Appellate Court for the Third District, and a further appeal has been prosecuted to this court.

Numerous propositions of law were submitted to the court by the respective parties, some of which were marked "held" and others "refused."

It appears from the evidence that the appellant telephone company, some weeks before it commenced erecting its telephone line through said town, caused the highway commissioners of said town of Towanda to be served with notice, under the provisions of section 4 of "An act relating to the powers, duties and property of telephone companies," approved May 16, 1903, in force July 1, 1903, (Laws of 1903, p. 350,) that it proposed to construct a telephone line through said town over and along certain of the highways of said town, which were specified in the notice, with a view to have said commissioners designate the portion of the highways of said town in which it should place its poles. The commissioners of highways at their next regular meeting read the notice, but, not understanding its legal import, determined to consult their attorney with reference thereto but took no action thereon. The attorney of the highway commissioners subsequently prepared a notice, which was signed by two of the commissioners and which was served upon the telephone company, the notice being to the effect that the highway commissioners of said town protested against the use by said telephone company of any of the highways of the said town, and, in case it did place any poles in the highways of said town, the telephone company was notified its poles must be placed immediately adjoining the fences upon the lines of said highways. The telephone company thereupon pro-

ceeded to construct about six miles of telephone lines in said town, and placed one hundred and fifty poles, one foot in diameter, with three cross-arms, and strung thereon numerous wires in the highways of said town, many of the poles being placed from one to sixteen feet inside the lines of the highways, whereupon this suit was brought.

It appears from its holding that the trial court held the action taken by the highway commissioners with reference to the notice served upon them by the telephone company, not having been taken at a regular or called meeting of the highway commissioners, was void and not binding upon the telephone company, and that the telephone company, under the statute, by reason of the highway commissioners having failed to designate the portions of the highways of the said town where said telephone poles should be placed, had the right to place its poles in the highways of said town, if in so doing it did not incommode the public in the use of said highways, but held the evidence showed the poles were so placed that they did interfere with the proper use of said highways by the public, and that the appellants were guilty of obstructing said highways.

The appellee assigned no cross-errors in the Appellate Court, and the holding of the trial court that the action of the highway commissioners with reference to the portion of the highways which said telephone company might occupy with its poles was void was not called in question in the Appellate Court, and that question is not raised in this court on this appeal.

The appellee submitted the following proposition of law:

"The court holds that the law is that the public are entitled to use any and all parts of a public highway within its limits for all purposes of a highway, to the exclusion of all other uses, except as permitted by statute. In this case the law required defendants to place said posts, poles and abutments so as not to interfere with other proper uses of the highway and so as not to incommode the public in the

use of said highway, and if defendants placed said posts, poles or abutments in said highway in controversy at such distance from the outside lines of said highway that said posts, poles or abutments either interfere with other proper uses of said road or highway or incommodate the public in the use of said highway, then the defendants violated the statute in regard to injuring or obstructing a public highway and are liable for the penalties therefor."

And the appellants submitted the following proposition of law:

"The highway commissioners of Towanda township having failed to specify within ten days after the service of the notice of the defendant of its purpose and intention to construct its lines over and along the highway in question, the defendant, without such specification having been made, was authorized by the statute to place and erect its line along said highway by placing its posts, poles and abutments there-on so as not to interfere with other proper uses of the said highway."

Both of said propositions were held by the court to be the law of the case. By submitting to the court these propositions of law the parties narrowed the issue submitted to the trial court for decision to the question whether the appellants had so erected the poles in the highways of said town as to interfere with the other proper uses of the highways of said town by the public. The question thus submitted was one of fact, and the trial and Appellate Courts having found that issue in favor of the appellee, and there being ample evidence in the record to sustain that finding, the findings and judgments of the trial and Appellate Courts upon that question are binding upon this court, as it is the province of this court to review questions of law, and not of fact.

The appellants asked the court to hold that if the telephone company served notice upon the highway commissioners of the town of Towanda to specify the portion of the highways in said town where it should place its telephone

poles and lines, and the commissioners neglected to make such designation within ten days from the date of the service of said notice, then the telephone company had the right to place its poles in the highways of said town, and that even though the poles, as placed, were an obstruction to the use of the highways of said town by the public, the town could not maintain a suit against the appellants for obstructing the highways of said town until after the commissioners of highways had notified the telephone company to remove said poles. Section 4 of the act of 1903, above referred to, provides that when a telephone company desires to construct its lines upon a public road or highway it shall give the highway commissioners having jurisdiction over the roads or highways sought to be used by it, ten days' notice of such intention, and that said highway commissioners shall, within ten days after the service of such notice, specify the portion of said roads or highways upon which said telephone line may be placed, and it shall be the duty of said telephone company to construct its line in accordance with the specification of the highway commissioners; "but in the event that the said highway commissioners shall, for any reason, fail to make such specification within ten days after the service of such notice, then the said company, without such specification having been made, may proceed to place and erect its said line along said highway by placing its posts, poles and abutments so as not to interfere with other proper uses of said road or highway." · This statute clearly does not indicate an intention on the part of the legislature to surrender the use of the highways of this State to telephone companies, but the use of highways by telephone companies remains subservient to the use by the public of the highways of the State, and the lines of telephone companies, when placed in a public highway, must be so placed "as not to interfere with other proper uses of" said highway. If the commissioners having jurisdiction over a public highway sought to be used by a telephone company specify the por-

tion of the highway which may be used by the telephone company, and the telephone company occupies that portion of the highway specified by the commissioners, the telephone company would not be liable to a penalty for obstructing the highway. If, however, the highway commissioners have not specified the portion of a public highway to be used by a telephone company with its lines, and the telephone company places its lines in the highway, it clearly acts at its peril, and is bound to so place its lines as not to interfere with the use of said highway by the public, and if its lines are so placed as to interfere with the use of the highway by the public, it is liable to the penalty prescribed by the statute for obstructing a public highway.

Finding no reversible error in this record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*