## Town of East Nelson, Plaintiff in Error, v. F. E. Leeds, Defendant in Error.

ROADS AND BRIDGES—*what essential to establish liability for obstruction of highway.*   The evidence must conform to the complaint and show that the defendant obstructed the place in the highway fixed in the complaint as alleged as having been obstructed.

Action commenced before justice of the peace.   Error to the Circuit Court of Moultrie county; the Hon. W. G. COCHRAN, Judge, presiding.   Heard in this court at the May term, 1910.   Affirmed. Opinion filed October 18, 1910.

E. E. WRIGHT and W. K. WHITFIELD, for plaintiff in error.

JOHN E. JENNINGS, for defendant in error.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action originally brought before a justice of the peace, by the town of East Nelson, on the relation of the commissioners of highways of said town, for the recovery from appellee of the statutory penalties for obstructing a public highway and failing to remove the alleged obstruction after notice. The trial in the Circuit Court resulted in a verdict and judgment in favor of the defendant.

The evidence discloses that prior to the bringing of the suit, the commissioners of highways had served a notice in writing upon the defendant, demanding that he remove from the public highway in question a certain fence described as "being in the highway the entire distance from the southeast corner of the forty acre tract herein described to the southwest corner thereof, the fence in question being constructed out of posts and wire and runs logitudinally with the highway in question and being over in the highway several feet." The notice further recited that unless said obstruction was removed from said highway within a short period from the date thereof, suit would be entered against defendant for the penalties provided by statute. The commissioners of highways thereafter filed a complaint with a justice of the peace, charging an obstruction of the highway in question, in substantially the same manner as described in the foregoing notice. In both the notice and complaint, the defendant was charged with having obstructed the highway for the entire length of a forty acre tract therein described. It was therefore incumbent upon the plaintiff to establish such fact by the greater weight of evidence, and recovery could not be had upon proof that he was obstructing a part of the entire distance running on said road. Township v. Adkins, 232 Ill. 510; Farlow v. Town, 186 Ill. 256; Town v. Pruett, 215 Ill. 162. Having in its complaint given a particular description of the place obstructed, the

plaintiff was bound to prove the same. Farlow v. Town, *supra*. The defendant was entitled to be informed by the written notice, of the place which he was charged with obstructing, so that he might ascertain his rights at such place.

The evidence shows that the highway in question was obstructed by a fence erected and maintained by the defendant at the east end of the line of the forty acre tract described. As to the west end, the evidence was in close conflict, and we cannot say that the finding of the jury that no obstruction existed at that place was clearly against the evidence. It cannot therefore be said that the fence was substantially in the highway for the entire distance.

It is urged that the court erred in not permitting the plaintiff to introduce evidence tending to show the width of the highway east and west of the portion which it was alleged was obstructed. Such evidence was immaterial and properly rejected. Township v. Linville, 174 Ill. 579. For the same reason, the newly discovered evidence presented on the motion for new trial was also immaterial.

Complaint is made of the third instruction given at the request of the defendant. It is insisted that the same was misleading, in that it gave the jury to understand that the defendant could not be found guilty unless the proof disclosed the fact that the fence in question "had been built several feet over in the highway" for the entire quarter of a mile. What has been said disposes of this contention. Moreover, the alleged misstatement of the law complained of appears in several of the instructions given at the request of the plaintiff, which inform the jury that if they believe from the evidence that the defendant had obstructed the highway for the entire distance of a quarter of a mile, as alleged in the notice, they should find the issues for the plaintiff. The plaintiff is thus estopped from contending that the instruction in question was erroneous in the respect specified.

It is also urged that the court erred in giving the third instruction offered by the defendant. The instruction recites each of the specific averments of the complaint, and requires the plaintiff to prove the same as a condition precedent to recovery. We perceive no error in giving the. same.

The judgment of the Circuit Court is affirmed.

*Affirmed.*