## Town of Hudson, Appellant, v. Etta Carrithers and Fred Carrithers, Appellees.

1. ROADS AND BRIDGES, § 208*—*when evidence as to width of other roads inadmissible in action for penalty for obstructing road.* In an action by a town against property owners to recover a penalty, under J. & A. ¶ 9700, for obstructing a public highway by placing private telephone poles on the side of a road next such owners' land and for leaving them there after having been notified to remove them by the county commissioners, evidence as to the width of other roads in the township by way of comparison *held* inadmissible.

2. APPEAL AND ERROR, § 1466*—*when admission of evidence harmless error.* In an action by a town against property owners for obstructing a road by constructing and maintaining private telephone poles therein, *held* that the admission of evidence on the part of defendants tending to show that for six years telephone poles belonging to a public telephone company stood in the same place where the poles in controversy were standing and were permitted to stand there by the highway commissioners was harmless error, as the evidence was more favorable to the plaintiff than to the defendants.

3. ROADS AND BRIDGES, § 208*—*when evidence as to existence of fence admissible in action for penalty obstructing road.* In an ac-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

tion by a town against property owners for obstructing a public highway by constructing and maintaining private telephone poles therein on the side of the road adjoining defendants' premises, in which defendants claimed the poles were on their land, *held* that the admission of evidence of the existence of some of the old posts standing in front of defendants' house, which were part of the original fence along defendants' land, to prove the existence of such fence, was not inadmissible on the ground that the poles in controversy did not run as far as the house, where there was evidence tending to show that the posts which were still standing were part of a fence that extended in a direct line along the side of the road.

4. EVIDENCE, § 165*—*when self-serving declarations admissible.* In an action by a town against property owners for obstructing a public highway by constructing and maintaining private telephone poles therein on the side of the road adjoining defendants' premises, where the point at issue was whether there had been a dedication of the land on which the poles were placed, evidence that one of the defendants at a meeting of the school board, when the question of building a sidewalk over the land in dispute was taken up, refused to permit such sidewalk to be built on the ground that the land was private property, *held* admissible to show that the public, as represented by the school board, did not think there was a public right to lay a sidewalk over the strip in controversy.

5. ROADS AND BRIDGES, § 208*—*when evidence properly excluded in action for penalty for obstructing road.* In an action by a town against property owners for obstructing a public highway by constructing and maintaining private telephone poles therein on the side of the road adjoining defendants' premises, when the point at issue was whether there had been a dedication of the land on which the poles had been placed, *held* that evidence that defendants' ancestor, who formerly owned the land, in his lifetime asked the commissioners of highways for permission to place a wire and posts along the side of the strip in question for the purpose of protecting the path thereon from being ridden or driven over, was properly excluded.

6. ROADS AND BRIDGES, § 209*—*when instruction in action for penalty for obstructing road properly refused.* In an action by a town against property owners for obstructing a public highway by constructing and maintaining private telephone poles therein on the side of the road adjoining defendants' premises, in which the issue was whether the poles were within the highway, a requested instruction that the court "instructs the jury that no person or persons have the right to place telephone poles, telegraph poles or

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Town of Hudson v. Carrithers et al., 201 Ill. App. 153.

electric light poles along or upon a highway without the consent of the authorities having control thereof," *held* properly refused.

7. INSTRUCTIONS, § 126*—*when properly refused.* Requested instructions which are abstract in form are properly refused.

8. ROADS AND BRIDGES, § 209*—*when instruction in action for penalty for obstructing road erroneous as inapplicable to evidence.* In an action by a town against property owners for obstructing a public highway by constructing and maintaining private telephone poles therein, in which the issue was whether there had been a dedication of the land in which the poles were placed, an instruction that the only evidence that there had been a dedication of the strip in controversy was such as arose from the proof of user by the public, *held* erroneous because excluding from the consideration of the jury other evidence introduced which tended to show a dedication on the part of the ancestor of one of the defendants.

9. ROADS AND BRIDGES, § 209*—*when instructions on rights of adjoining owner in highway erroneous.* In an action by a town against property owners for obstructing a public highway by constructing and maintaining private telephone poles therein, instructions on the right of the adjoining owner to make use of the highway, *held* correct.

10. ROADS AND BRIDGES, § 224*—*what are rights of owner in fee of public highway to use such highway.* The owner of the fee in a public highway outside of an unincorporated city or village has a right to use said highway for any purpose of his own not incompatible with the free, safe and convenient use thereof for public travel thereon.

11. ROADS AND BRIDGES, § 210*—*when obstruction of highway by owner of fee question for jury.* In an action by a town against property owners for obstructing a public highway by constructing and maintaining private telephone poles therein, *held* that it was a question for the jury whether the use of the highway in such a manner by the owner of the fee constituted an obstruction of the highway.

Appeal from the County Court of McLean county; the Hon. JAMES C. RILEY, Judge, presiding. Heard in this court at the October term, 1915. Reversed and remanded. Opinion filed April 21, 1916. Rehearing denied June 30, 1916.

HART, FLEMING & PRATT, for appellant.

W. R. BACH and STONE & DICK, for appellees.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

This case was instituted before a justice of the peace of the Town of Hudson to recover a penalty from Etta Carrithers and her husband, Fred Carrithers, for placing an obstruction on a public highway and for leaving the same there after having been notified to remove it by the commissioners of highways, contrary to section 71 of chapter 121, J. & A. Ann. St., ¶ 9700. On appeal to the County Court of McLean county, the case was tried by a jury and a verdict returned finding appellees not guilty. Two special interrogatories were submitted to the jury, to each of which the jury answered "no." They are as follows: "(1) Are the poles in question in the public highway?" "(2) Do said poles obstruct the public highway?"

The highway in question is an important and much-traveled road, being connected with what is known as the Main street road, which runs from Bloomington north through Normal and then north through the Town of Hudson. Originally Hiram Havens owned the land through which this road runs, and fifty or sixty years ago opened the road through it for a public highway. Hiram Havens died testate, and by his will the land was devised to Mrs. Carrithers for her use during her life with remainder in fee to her children. Mr. and Mrs. Carrithers, appellees, reside on the north side of the highway at the corner of the intersection thereof with the Main street road. In November, 1914, Mrs. Carrithers erected seven poles at intervals in front of her land on the north side of the highway, for the purpose of carrying wires for an electric current with which to light her home.

Two defenses were interposed in the court below, one that the land on which the poles were placed never was dedicated as a part of the highway, and the other that even if it had been included in the part dedicated for the highway, Mrs. Carrithers being the owner of

the fee therein subject only to the full enjoyment of the easement acquired by the public to use the same as a public road, the placing of said poles in the location where they were erected was not incompatible with the use of the highway by the public as a road, as they in no manner interfered with or restricted such use and were not therefore obstructions.

It is first insisted that the trial court erred in its rulings on the admission of evidence. Over the objection of appellant, appellees were permitted to prove the width of other roads in the township by way of comparison. Such testimony in actions of this kind is incompetent. *Township of Whitley v. Linville,* 174 Ill. 579.

Appellees introduced evidence tending to show that from 1901 to 1907 telephone poles belonging to a public telephone company stood in the same place where the poles in controversy are now standing and were permitted to stand there by the commissioners. This evidence was more beneficial to appellant than to appellees as it tended to show that the space occupied by these poles had been previously used by the telephone company and others with the consent of the commissioners. It certainly could have no harmful effect on the interests of appellant. Appellees introduced evidence tending to show where the old original fence was on the north line of the road by proving that some of the old posts were still standing in front of appellees' house, and the admission of this testimony is assigned as error on the ground that the poles in controversy did not run as far as the house but only as far as the garden, and therefore any evidence tending to show where the old fence was in front of the house was incompetent. This contention cannot be sustained as there was evidence tending to show that the posts which are still standing were part of a fence that extended in a direct line along the north side of the road.

Appellees introduced evidence showing that children in going to school walked along the north side of the old wire fence which had been erected along the north side of the highway. In 1896 or 1897 a new fence was built just north of the path on the north side of the wire fence and turnstiles and bars were placed at either end of the little lane made by the two fences. This last fence was built to keep the stock off of the path. Appellees put cinders on this path and the evidence shows that this path through this narrow lane between the fences was used by children going to school and others who desired to walk over the same, by permission of appellees. Subsequently the old fence rotted away and left the path on the outside of the north fence erected in 1896 or 1897. The witness Snavely testified that eighteen or twenty years ago he was a member of the school board and that Mr. Carrithers was present at a meeting of that body wherein the subject of the board contributing with Mrs. Carrithers towards the expense of building a sidewalk on this path was discussed and that Mr. Carrithers, on behalf of his wife, refused to permit the board to make the improvement on the ground that it was private property. It is urged that the admission of this testimony was erroneous in that it was a self-serving declaration. While, as a general rule, self-serving declarations are inadmissible, yet in this case, where the point at issue was whether there had been a common-law dedication, this conversation was competent as tending to show that the public, as represented by the school board, did not at that time consider that there was a public right to lay the sidewalk over the strip in controversy, without the consent of Mrs. Carrithers.

Counsel for appellant offered to prove by the witness Smithson that Hiram Havens in his lifetime asked the commissioners of highways, of whom the witness was one, for permission to place a smooth wire and short posts along the side of the path on the north

side of the highway for the purpose of protecting the path from the people riding or driving over. it.   An objection to this proof was sustained.   The court was technically correct in sustaining the objection to the offer as made for the reason that the location of the north side of the highway was one of the matters in controversy, and the fact that Mr. Havens might have asked the commissioners for the privilege of stringing this wire alongside of the path on the north side of the highway could have thrown no light upon the question as to where the north side of the highway was. If the evidence had been admitted as offered, it would have been more favorable to appellees than to appellant as it tended to show the existence of the path and that Mr. Havens denied the right of the public to drive over it with their vehicles.   If this offer of proof had been in such form as to tender proof that Havens asked permission to erect posts and extend the wire along the line now occupied by the poles, it would have been competent as an admission against Mrs. Carrithers by her grantor or ancestor privy in estate. *Mueller v. Rebhan,* 94 Ill. 142; *Schell v. Weaver,* 225 Ill. 159.

Appellant complains of error in refusing to give the following instruction: "The Court instructs the jury that no person or persons have the right to place telephone poles, telegraph poles or electric light poles along or upon a highway without the consent of the authorities having control thereof."   This is an abstract proposition of law and for that reason there was no error in refusing it, but it is bad as a proposition of law.   The word "along" frequently means by the side of.   A person would have a right to erect poles on his own property by the side of a public highway, and one of the issues in this case is whether these poles were erected upon the highway or on appellees' land along or by the side of the highway.   Under the statute telephone companies under certain conditions have a right to erect poles within a public highway even without the

consent of the public authorities. *Interstate Independent Tel. & Tel. Co. v. Town of Towanda,* 221 Ill. 299.

Instruction 3, given on behalf of appellees, stated that the only evidence in the case that there had been a dedication of the strip in controversy was such as arose from the proof of user by the public. This instruction was erroneous because it excluded from the consideration of the jury other evidence introduced which tended to show a dedication on the part of Mr. Havens.

Instructions 1, 2, 5, 8, 9, 10 and 11, given for appellees, all substantially involve the same proposition of law and may be considered as a group. The first instruction is as follows: "The Court instructs you that the burden is upon the plaintiff to prove by a preponderance of the evidence, first, the strip of land where the poles in question are located, is a part of the highway and, second, that the poles in question are a *material* obstruction to the use of said highway in its usual and customary manner, and if they fail to prove either of these matters, by a preponderance of the evidence, then your verdict should be for the defendant."

The fifth instruction is as follows: "The Court instructs you that the fee simple title to all of the highway from the Main street road, to the corporate limits of the Village of Hudson, is in Mrs. Carrithers and the heirs of her body, and that the only right of the public therein, is the right to travel over so much of it, as has been dedicated to the public as a highway, and that the owners of the fee may make any use of said highway that they may wish so long as such use does not interfere with the rights of the public to travel over said highway in the usual and customary manner."

The other instructions mentioned announce the same principles stated in the first and fifth instructions in various different ways and qualify the word "obstruc-

tion" by the words, "material," "substantial" and "actual."

In the case of *Town of Old Town v. Dooley*, 81 Ill. 255, it is stated: "The public only acquired an easement in appellee's land by the location of the highway, with the rights and incidents necessary to its enjoyment as a highway; and, before the enactment of the statute, under the principles of the common law, he retained the fee simple title in the land and the exclusive ownership of everything connected with the soil, for every purpose not incompatible with the public right of way. So, also, he might make any and all uses of the land to which it could be applied, and all profits which could be derived from it, consistently with the enjoyment of the easement. Washburn on Easements, pp. 159-196; Angell on Highways, secs. 302, 303." The case of *Town of Palatine v. Kreuger*, 121 Ill. 72, holds: "Where a highway is located over lands outside of an incorporated town, the public acquires only an easement of passage, with the rights incident thereto, while the owner of the land over which the road is laid retains the fee and the ownership of everything connected with the soil, for all purposes not incompatible with the public right of way. *Town of Old Town v. Dooley*, 81 Ill. 255; *Dillon on Mun. Corp.* sec. 544." In *Postal Tel.-Cable Co. v. Eaton*, 170 Ill. 513, it is said: "That the owner of the land upon which a public highway is laid out has the exclusive right to the soil, subject to the easement of the right of travel in the public, and the incidental right of keeping the highway in proper repair for the use of the public, is so well established that the citation of other authorities is not deemed necessary." This case also holds that the owner of the fee in the highway has a right of action in ejectment to oust a telephone company from erecting poles in a highway without first making compensation. The same rule is reiterated in *Moore v. Gar Creek Drain. Dist.*, 266 Ill. 399; *Tacoma Safety*

*Deposit Co. v. City of Chicago,* 247 Ill. 192. In the case of *Interstate Independent Tel. & Tel. Co. v. Town of Towanda,* 221 Ill. 299, the telephone company served notice upon the Highway Commissioners of the Town of Towanda that it proposed to erect telephone poles through said town over and along certain highways specified, and requested the commissioners to designate the portion of said town in which it should place its poles. The commissioners served the telephone company with notice to the effect that they protested against the use of the highways of the town by the telephone company, but in case it did place any poles in the highways they must be placed immediately adjoining the fences upon the lines of said highways. The telephone company constructed six miles of telephone lines consisting of poles, cross-arms and wires along the highways in said town. The question in issue was whether the poles so erected interfered with the proper uses of the highways by the public. The court held this to be a question of fact, and further held that if the commissioners having jurisdiction over a public highway specify the portion of highway to be used by a telephone company and the latter occupies that portion so specified, it will not be liable to a penalty for obstructing the highway, but if the commissioners have not specified what portion may be so used, "it clearly acts at its peril, and is bound to so place its lines as not to interfere with the use of said highway by the public, and if its lines are so placed as not to interfere with the use of the highway by the public, it is liable to the penalty prescribed by the statute for obstructing a public highway." In the case of *Nelson v. Fehd,* 203 Ill. 120, the plaintiff sued the defendant for unlawfully and negligently digging a ditch in and along the north side of a public highway by reason of which the buggy of plaintiff, who was riding therein on a dark night along the side of the highway, slipped into the ditch causing him to be

thrown therefrom and injured. The defense was that the defendant was the owner of the fee in the highway, that it was not unlawful for him to dig the ditch along the side thereof and that the same could not be considered an obstruction therein. The court held that whether this ditch was an obstruction was a question of fact for the jury to decide, and uses the following language: "The appellant also discusses the question of the liability incurred by the defendant in digging a ditch on the public highway the fee of which was in himself. The appellant had a right, upon this highway, to do that necessary for the drainage of his lands, provided he did not interfere with the use of the highway, rendering it less safe, useful or convenient for the public. (*Postal Telegraph Co. v. Eaton,* 170 Ill. 513; *Elliott on Roads and Streets,* 519.) If the ditch dug by appellant was an obstruction on this highway when his acts were unlawful. (Rev. Stat. chap. 121, sec. 71; *Town of Canoe Creek v. McEniry,* 23 Ill. App. 227; *Boyd v. Town of Farm Ridge,* 103 Ill. 408.) The finding of the jury was that the ditch was an obstruction, and that finding we are not authorized to disturb."

The conclusions to be drawn from a consideration of the cases in this State is that the owner of the fee in a public highway outside of an incorporated city or village has a right to use said highway for any purpose of his own not incompatible with the free, safe and convenient use thereof by the public for public travel thereon, and that whether a use thereof in a particular manner by the owner of the fee therein interferes with the free, safe and convenient use thereof by the public, and thereby becomes an obstruction, is a question of fact for the jury to determine. Such obstruction is not limited to an "actual," "material" or "substantial" obstruction unless these words are defined to mean any obstruction which interferes with the free, safe and convenient use of the highway for

public travel. The instructions as given were therefore erroneous. The judgment is reversed and cause remanded.

*Reversed and remanded.*