## TOWN OF PALATINE

*v.*

## FRED KREUGER.

*Filed at Ottawa May 12, 1887.*

1. HIGHWAYS—STREETS—*when an ordinary highway becomes a street.* Where a town has become incorporated, any highway or public road before that time laid out by the commissioners of highways, within its limits, will become a street of such town, and it will be treated the same as any street laid out by the municipal authorities.

2. SAME—*municipal control over streets—relative rights of adjacent owners and the public.* Under a grant of power to the president and trustees of an incorporated town to cause the streets and alleys to be kept in repair, to open, alter, vacate, extend, establish, grade, pave or otherwise improve any streets, etc., within the town, and to make all ordinances necessary and proper for carrying into effect and executing such powers, with others, they will have the power to prohibit, by ordinance, any person, even the owner of the fee, from removing any dirt or earth from any of the streets within the town, for any personal or individual use whatever, without first obtaining consent of the board so to do.

3. In the case of streets, where the fee may remain in the adjacent land owner, the public authorities may change the grade, and make culverts, drains and sewers therein, and they may lay, or cause to be laid, gas and water-pipes under the streets, or erect lamp-posts thereon, or make various other improvements; and the owner of the fee has no right to do any act that may interfere with the rights of the public to the use of the streets for all purposes for which they may be needed for the public.

4. SAME—*of highways outside of incorporated cities—relative rights of the public and the owner of the fee.* Where a highway is located over land outside of an incorporated town, the public acquire only an easement of passage, with the rights incident thereto, while the owner of the land over which it is laid retains the fee and the ownership of everything connected with the soil, for all purposes not incompatible with the public right of way. The public will also take, as incident to the easement, the right to tile beneath the soil, and the right to use the soil or other material on the line of the road for construction and repairs.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Criminal Court of Cook county; the Hon. LORIN C. COLLINS, Judge, presiding.

Messrs. Williamson & Cutting, for the appellant.

Mr. E. A. Sherburne, for the appellee.

Mr. Justice Craig delivered the opinion of the Court:

This was an action of debt, to recover a penalty for a violation of an ordinance of the town of Palatine, in Cook county. In the Criminal Court the cause was tried on an agreed statement of facts, which, so far as is material to a decision of the case, is as follows:

*First*—The plaintiff was incorporated by a special act of the legislature of Illinois, approved March 25, A. D. 1869.

*Second*—That the board of trustees of said town did, on June 1, A. D. 1874, ordain that it should not be lawful for any person to remove any dirt or earth from off any of the streets within the limits of said town, for any personal or individual purpose whatever, without first obtaining the consent of the said board, and that any person violating said ordinance should, upon conviction, forfeit and pay a fine of one dollar for every load of earth so removed, which ordinance is still in force in said town.

*Third*—That the defendant, by order of John Kitson, did, on or about the 15th day of October, A. D. 1885, take and carry away from within the boundaries of said Smith street, and west of the center thereof, eleven loads of gravel, worth fifty cents a load.

*Fourth*—That at the time defendant took said gravel, said John Kitson owned the land from which the gravel was taken, subject to all the rights of said town in and to said Smith street, and that said Kitson became such owner long after said town was incorporated.

*Fifth*—That said Smith street was originally a public highway, laid out by the road commissioners of Palatine over twenty years ago, and was, at the time defendant took said gravel, all within the boundaries fixed by special act of incor-

poration of the town of Palatine, passed by the legislature of
Illinois, and approved March 25, 1869.

Under section 5 of the act of incorporation, the president
and trustees of the town are clothed with power "to cause all
the streets, alleys and public roads within the limits of said
town to be kept in good repair; to open, alter, vacate, extend,
establish, grade, pave or otherwise improve any streets, ave-
nues, lanes, alleys or public roads within the limits of said
town; to make all ordinances which shall be necessary and
proper for carrying into execution the provisions specified in
this act, or which they may deem expedient for the better
regulation of the internal police, and to execute the same,"
etc.    See act of incorporation, 4 Private Laws of 1869, p. 50.

Under the provisions of the charter the trustees of the town
had the undoubted power to pass the ordinance under which
the suit was instituted, and it is conceded, in the argument,
that if the acts complained of had been done by a stranger,—
one having no interest in the fee of the street,—the action
might lie.    But it is insisted, that as the gravel was removed
by the direction of the owner of the fee of the street, the act
was lawful.    Smith street, as appears from the stipulation, was
originally a public highway laid out by the road commissioners
of the town of Palatine, but when the town was incorporated
the highway became a street of the incorporated town, and it
is to be treated in the same way as a street laid out by the
authorities of the incorporated town, and the rights and obli-
gations of the defendant, and the rights of the public in refer-
ence to the street, are the same as if it had been so laid out
by the town after it became incorporated.    Where a highway
is located over lands outside of an incorporated town, the
public acquires only an easement of passage, with the rights
incident thereto, while the owner of the land over which
the road is laid retains the fee and the ownership of every-
thing connected with the soil, for all purposes not incompat-

ible with the public right of way. *Town of Old Town* v. *Dooley,* 81 Ill. 255; Dillon on Mun. Corp. sec. 544.

In the location of highways in the country, the public require nothing more than an easement, with the rights incident, under which may be included the right to tile-drain beneath the soil, and the right to use the soil or other material on the line of the road for construction and repairs. But the uses to which streets may be put in incorporated towns, where the fee of the street may remain in the owner of the adjoining land, are far more numerous. It may be necessary to change the grade; culverts, drains and sewers may be required; gas-pipes and water-pipes may be needed, and the authorities of the incorporated town or city may lay them, or authorize them to be laid, under the streets; lamp-posts may be erected on the streets, and various other improvements which the public wants may require; and while the owner of the land adjoining the street may own the fee in the street, he has no right to do any act which will interfere with the rights of the public to the use of the street for all purposes for which they may be needed by the public.

In *The People* v. *Kerr,* 27 N. Y. 188, in describing the rights of the land owner and the public, in reference to streets in a city, it is said: "It has always been supposed and stated, that there must be a difference between the needs, and therefore the rights, of the public in a country road and a city street, and in the character of the servitudes imposed upon the land by the two uses, respectively. In *White* v. *City of Cincinnati,* 6 Pet. 432, the court say: 'Dedications must be considered in reference to the use for which they are made; and in a town or city, streets require a more enlarged right over the ground, to carry into effect the purposes intended, than may be necessary for highways in the country.'"

*New Haven* v. *Sargent,* 38 Conn. 50, is a case directly in point. The question arose on a petition for an injunction to restrain Sargent, who owned the fee in the street, from re-

moving surplus earth which the city desired to use in grading
an adjoining street.    In deciding the case, the court said:
"It is apparent that the real question in this case is, whether
*    *    *    the city has a legal and exclusive right, as against
the respondent, (owner of the fee,) to carry the soil from in
front of his land and deposit it in a depression in Derby
avenue," (an adjoining street.)    The court conclude:    "We
think, therefore, that the power and right of the city to re-
move the soil in question to Martin street or Derby avenue,
where it is reasonably required, are undoubted ; that the right
is paramount to the right of the respondent; that presump-
tively he was paid for the soil which has been or is to be taken,
and has no just cause for complaint, and that in attempting
to remove the soil on to his own premises, and deprive the city
of it, after being apprised of their immediate necessities and
intentions, and to the injury of the city, he was a wrongdoer,
and should be restrained by injunction."    See, also, *Melhon*
v. *Sharp*, 15 Barb. 210, *West* v. *Bancroft*, 32 Vt. 367, Dillon
on Mun. Corp. 544, and Angell on Highways, 312, where the
same doctrine is announced.

We have been referred, by appellee, to *Smith* v. *Rome*, 19
Ga. 89, as an authority sustaining his view.    The case seems
to be in point, but we do not regard it in harmony with the
current of authority on the subject, and we are not inclined
to follow it.    This case is referred to in Dillon on Municipal
Corporations, page 526, in the note, and the author thinks
the case erroneously decided, and cites *Hoag* v. *Mayo*, 43 Me.
322,—a later case, where a contrary doctrine is announced.

Other authorities have been cited by appellee,. but in the
main they have reference to highways laid out in the country,
and it will serve no useful purpose to examine the cases in
detail.    We are free to concede that older authorities are more
favorable to appellee's position than the recent decisions.    This
is well expressed by Angell on Highways, (sec. 312,) in the
following language:    "The more ancient decisions limited the

rights of the public to that of passage and re-passage, and treated any interference of the soil, other than was necessary to the enjoyment of this right, as a trespass. But the modern decisions have very much extended the public right, and, particularly in the streets of populous cities, have reduced the interest of the owner of the soil to a mere naked fee, of only a nominal value."

The incorporated authorities, under their charter, were required to keep the streets in a reasonably safe condition to accommodate the demands of the public. This duty could not be discharged if property owners adjoining on the streets have the right, at their will and pleasure, to go upon the streets and remove gravel and earth. The ordinance was passed for the purpose of protecting the streets. It is reasonable in terms, and one which may, with propriety, be enforced in any incorporated town or city.

The judgment of the Appellate Court will be reversed, and the judgment of the Criminal Court will be affirmed.

*Judgment affirmed.*