STEPHEN R. MOORE, Appellant, *vs.* THE GAR CREEK DRAINAGE DISTRICT *et al.* Appellees.

*Opinion filed December 16, 1914—Rehearing denied Feb. 4, 1915.*

1. DRAINAGE—*highway commissioners do not have sole power to grant right of way for drainage ditch.* Highway commissioners have power to provide such drainage as is needed for the purposes of the highway although the fee is in the owner of the adjoining land; but while drainage commissioners must obtain the consent of the highway commissioners to lay a tile in the highway for the benefit of the lands of the district, they must also obtain a right of way from the owner of the fee in the land in the highway in which the tile is to be laid.

2. SAME—*owner of fee in highway not required to take initiative to have his damages assessed.* Where drainage commission-

ers have not obtained a right of way from the owner of the fee in land in a public highway in which the commissioners propose to lay a tile for the benefit of the lands of the district, such owner may, under section 17a of the Levee act, present the question of his damages on the hearing of the confirmation of the assessment roll, but he is not obliged to do so in order to protect his constitutional right to compensation.

3. SAME—*when injunction to prevent laying of drainage tile is a proper remedy.* Where drainage commissioners, for the benefit of the lands of the district, are about to lay tile in land lying in a public highway, the fee of which is in the adjoining owner, without having acquired a right of way by condemnation or otherwise, except that they have acquired the consent of the highway commissioners, the adjoining owner may enjoin the laying of the tile until he has received the compensation to which he is entitled under the constitution.

APPEAL from the Circuit Court of Kankakee county; the Hon. CHARLES B. CAMPBELL, Judge, presiding.

SMITH & MARCOTTE, (STEPHEN R. MOORE, *pro se,*) for appellant.

J. BERT. MILLER, and W. H. SAVARY, for appellees.

Mr. JUSTICE COOKE delivered the opinion of the court:

The Gar Creek Drainage District was organized in Kankakee county in 1883 under what is commonly known as the Levee act. Appellant, Stephen R. Moore, owns a quarter section of land within the district, along the south side of which is a public highway. Various improvements were made in the district after its organization but no ditch has ever been constructed by the district through or along the land of appellant. On June 28, 1912, a plan for additional work in the district was adopted upon petition of the commissioners, which provided for the construction of a branch ditch extending along the north side of the highway adjoining the said land of appellant and through that part of the highway of which appellant owned the fee. In

the order of June 28 the court directed the commissioners to acquire rights of way and to prepare their roll of assessments of benefits and damages. The grant of a right of way twenty feet in width over the land of appellant in the highway was secured from the commissioners of highways. The assessment roll was duly filed, appellant appeared and filed objections, a jury was empaneled, and a verdict returned assessing the sum of $1626.26 as benefits against said land of appellant, which verdict was confirmed by order of court. Thereafter the drainage commissioners let a contract for the excavation of a ditch and the laying therein of a 24-inch tile upon the land of appellant lying within the highway. Appellant filed his bill for injunction in the circuit court of Kankakee county against the Gar Creek Drainage District and the commissioners thereof, in which he alleged the organization of the district and the making of various improvements therein; that a contract had been let to make the proposed improvement; that the drainage commissioners are about to begin the excavation of a ditch and the laying of tile upon his said land and that the said commissioners have not obtained any right of way from appellant over his said land, and prayed that the defendants be enjoined from excavating said ditch or laying any tile in the land of appellant along said public highway until they had obtained a right of way therefor. Upon the filing of the bill a temporary injunction was granted, which was later dissolved upon motion. Upon final hearing the bill was dismissed for want of equity, and this appeal followed.

Appellees state in their brief that prior to the filing of the assessment roll the drainage commissioners acquired the right of way for the ditch along the highway in question from the commissioners of highways, but that they did not acquire, nor attempt to acquire, the right of way from appellant, as they did not believe the law required them to do so.

266 – 26

The principal question involved is whether it was necessary for the drainage commissioners to obtain the right of way from appellant, the owner of the fee in the highway, as well as from the commissioners of highways, before they could make this improvement upon that part of his land. In support of their position that this was not necessary, appellees make two contentions: (1) That the commissioners of highways had the sole right to grant this right of way for drainage purposes; and (2) that even if it was necessary to secure the right of way from appellant, he failed to have his damages assessed for such right of way upon the hearing on the confirmation of the assessment roll. The further contention is made that injunction is not a proper relief in this case.

In support of the first proposition, appellees cite *People* v. *Magruder,* 237 Ill. 340, and *Cosby* v. *Barnes,* 251 id. 460. These cases do not support appellees' position. The commissioners of highways have jurisdiction over public roads and it devolves upon them to see that the highways are properly drained, and, as is stated in *People* v. *Magruder, supra,* where the commissioners of highways undertake to drain a public highway, they possess the same rights and are to be governed by the same rules as adjoining land owners, except in cases where they may proceed under the law of eminent domain, and, so far as the law pertaining to drainage is concerned, they are placed in the same category with other land owners. These cases do not go to the extent of holding that for all drainage purposes the commissioners of highways are to be considered as absolute owners of the land within the highway. The public have but an easement in the highway. The fee remains in the owner, who may exercise every right of ownership not inconsistent with the easement of the public. The commissioners of highways are concerned only with the drainage of the highway itself, and are permitted to place in the highway, without the consent of the owner of

the fee, only such drains as are necessary to drain the land within the highway and make it suitable for such use as the public easement subjects it to. While it is necessary to secure the consent of the commissioners of highways to lay within the highway a drain for drainage which is not primarily or exclusively for the benefit of the highway but which is for the use of the adjoining lands, the commissioners of highways do not possess the sole power and authority to grant a right of way for such improvement.

Section 13 of article 2 of the constitution provides that private property shall not be taken or damaged for public use without just compensation. This is a guaranty that no citizen shall be thus deprived of his property until compensation for the same has not only been fixed but paid to him. Under this section of the constitution it is not necessary for the property owner to take the initiative or to make any affirmative move towards the condemnation of his own property or the securing of compensation for the same. Appellees, with painstaking care, have pointed out that at no time during the hearing on the commissioners' roll of assessments did appellant seek to have his damages awarded for the right of way over his land. They rely upon section 17a of the Levee act, which provides that upon the hearing on the confirmation of the assessment roll, parties to the proceeding shall be permitted to present their case to the jury and offer competent evidence as to the damages to their land taken or damaged over which the right of way has not been obtained. This section merely permitted appellant to make this proof. It did not devolve upon him to take advantage of this provision unless he chose to do so. The commissioners, on behalf of the district, were seeking to take his land for a right of way, and it devolved upon them in some proper manner to have the compensation fixed for the land sought to be taken. Having failed to do so they had no right to enter upon the land of appellant and appropriate any part of the same for

the purposes of a right of way for the ditch. The commissioners of highways could grant no greater right than they themselves had, and as against appellant could not subject the land to any additional easement or right beyond its use as a public highway. (*City of Park Ridge* v. *Wisner*, 253 Ill. 434.) The laying of this tile in the public highway was an additional burden and servitude upon the fee. That the primary purpose of the improvement was not to benefit the highway but the adjoining lands is abundantly shown from the fact that benefits were assessed against the land of appellant for this improvement in the sum of $1626.26.

Under the state of facts here disclosed appellant was entitled to injunctive relief. Where a municipality undertakes to take possession of a street to which it has no right the proper remedy is injunction. (*City of Peoria* v. *Johnston*, 56 Ill. 45; *McIntyre* v. *Storey*, 80 id. 127; *Waller* v. *Village of River Forest*, 259 id. 223.) There is no difference, in principle, between a municipality undertaking to take possession of a street to which it has no right, and a drainage district undertaking to take possession of a strip of ground for a ditch to which it has no right. It is well settled that injunction is a proper remedy where public officers, under color or claim of right, are illegally attempting to injure or take the property or impair the rights of a citizen. *Smith* v. *Bangs*, 15 Ill. 399; *City of Peoria* v. *Johnston, supra; Carter* v. *City of Chicago*, 57 Ill. 283; *Lowery* v. *City of Pekin*, 186 id. 387.

The decree of the circuit court is reversed and the cause is remanded, with directions to grant the relief prayed for in the bill.    *Reversed and remanded, with directions.*