(No. 19075.—

THE PEOPLE *ex rel.* John F. Hesterman, County Collector, Appellant, *vs.* L. G. SMART *et al.* Appellees.

*Opinion filed December 20, 1928.*

C. W. REED, State's Attorney, (BUNGE, GROTEFELD & BUNGE, of counsel,) for appellant.

ROBERT J. SCOTT, for appellees.

Mr. JUSTICE HEARD delivered the opinion of the court:

This is an appeal by the county collector of DuPage county from a judgment of the county court of that county sustaining the objections of appellees, property owners, to his application to that court for judgment and order of sale of their real estate returned delinquent by the collector of the village of Downers Grove for the non-payment of the first installment of its special assessment No. 142.

It was stipulated by the parties that the assessment was divided into ten installments according to the ordinance providing for the improvement; that the collector of the village, in the case of each of the lots or parcels of land, deducted the amount awarded to the owner of each lot or

parcel of land as compensation for property taken, from the total amount assessed as benefits against the property owned by the objector and divided the balance into ten installments, in the same proportions as the assessment against other property assessed for benefits in the proceeding; that the amounts awarded for property taken or damaged by the improvement have been added to and included in the first installment of the assessment as originally confirmed; that the collector of the village has not deducted from or credited to the first installment of the assessment against each of the respective lots or parcels of land the full amount of the award in each case but has deducted the award in each case from the ten installments *pro rata;* that the total amount awarded to the owner of each lot and parcel of land objected for, as compensation for property taken, is less than the amount of the first installment of the assessment, in each instance, as originally assessed.

The only question presented by this appeal is whether the award for property taken should be credited entirely to the first installment in each instance or credited *pro rata* to all the installments into which the assessment is divided. Section 42*a* of the Local Improvement act provides as follows: "Whenever an ordinance provides for the making of a local improvement which comprises both the construction of an improvement and the taking or damaging of property therefor, and proceedings have heretofore been or shall hereafter be instituted under this act for the confirmation of a special assessment or a special tax to defray the whole or any portion of the cost of such improvement, including the cost of the construction thereof and the compensation for the taking or damaging of property therefor, it shall be lawful to provide by the ordinance for such local improvement or by an ordinance passed at any time before the confirmation of the assessment roll, that the aggregate amount assessed and each individual assessment and also the assessment against the municipality on account of property owned

by the municipality and for public benefits, be divided into installments not more than ten (10) in number: *Provided, however,* that any such special assessment or special tax levy for building sewers, subways or viaducts may in like manner be divided into not exceeding twenty (20) installments. So much of the aggregate amount assessed as represents the cost of the construction of the improvement shall be divided into as many parts as there are installments, which parts shall be equal in amount and each a multiple of one hundred dollars, except that any fractional amounts of such cost of construction after division as aforesaid shall be apportioned to the first installment; so much of the aggregate amount assessed as represents the compensation for property to be taken or damaged; together with the cost of making and collecting the special assessment or special tax (in the case of such municipalities as may lawfully include such cost in special assessment or special tax proceedings) shall be apportioned to the first installment of the special assessment or special tax." Section 16 of the same act provides: "If the amount awarded to any person for property taken or damaged for such improvement be greater than the amount assessed against the property for such improvement, or if the benefit be greater than the damage, in either case the difference only shall be collectible of the owner or be paid to him."

Section 13 of article 2 of the constitution provides that private property shall not be taken or damaged for public use without just compensation. This is a guaranty that no citizen shall be thus deprived of his property until compensation for the same has not only been fixed but paid to him. (*Moore* v. *Gar Creek Drainage District,* 266 Ill. 399.) While section 42a gives to municipalities in a combined proceeding for the construction of an improvement and the taking of property therefor, the power to spread the cost of construction in ten installments, it specifically requires the compensation for property taken to be appor-

138

tioned to the first installment, thus providing a fund available for the purpose of paying compensation for property taken within thirty days after the entry of order of confirmation, at which time the first installment becomes due and payable. The fund for the payment of compensation having been thus provided for by the first installment, it would seem logically to follow that payment of awards of property should be made out of this fund. The crediting of an award *pro rata* against the entire ten installments is not such a compliance with the constitution as would warrant the taking of the property for public use prior to the time when the last installment became due and is manifestly against the intention of the legislature as expressed in the act.

The county court properly sustained appellees' objections, and its judgment is affirmed. *Judgment affirmed.*