## CARTER OIL CO. v. MYERS et al.

### No. 6835.

Circuit Court of Appeals, Seventh Circuit.

June 30, 1939.

Rehearing Denied July 28, 1939.

F. E. Riddle, of Tulsa, Okl., and J. G. Burnside, of Vandalia, Ill., for appellants.

L. G. Owen, of Tulsa, Okl., and Walter Davison, Craig Van Meter, and Fred H. Kelly, all of Mattoon, Ill., for appellee.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

SPARKS, Circuit Judge.

This appeal is from a decree of the District Court permanently enjoining appellants from drilling or endeavoring to drill for oil upon certain described premises, title to which the court found to have been in appellee's lessors subject to an easement for a public highway at the time of the execution of an oil and gas lease to appellee.

The question presented by the appeal is the construction of a certain instrument executed December 29, 1932, which appellants contend conveyed the fee simple in the strip involved, and which appellee construes as merely a dedication of an easement for public highway purposes, leaving the fee simple interest in its lessors.

The instrument in question was as follows:

"State of Illinois
"Department of Public Works and Buildings.
"Division of Highways.
"Springfield, Illinois.
"Dedication of Right of Way for Public Road Purposes.

"This Indenture Witnesseth, That the Grantors, Jennie Brauer and Samuel C. Brauer, her husband * * * for and in consideration of the sum of * * * $425 in hand paid by the County of Fayette acting by and through the Board of Supervisors or on its behalf, the receipt whereof is hereby acknowledged, and the benefits resulting from the maintenance of the public highway herein referred to, do, by these presents, hereby grant, convey and dedicate to the People of the County of Fayette, * * * for the purpose of a public highway, a tract of land situated * * * and described as follows:

"Certain tracts of land * * * (1) (the East 180 feet of * * * containing 5.35 acres) and also (2) a strip of ground 80 feet in width, being 40 feet on each side of the following described line: * * *"

In 1933 a gravel road was constructed by the authorities of Fayette County across the land in question, and in 1933 and 1934, dirt and gravel were taken by them from the portion of the tract adjoining the road for building and repairing highways nearby. In August, 1936, the Brauers executed and delivered an oil and gas lease to appellee's assignor covering a 120-acre tract of land which included the tract involved in the earlier instrument. Both instruments were duly recorded. In September, 1937, the Board of Supervisors of Fayette County authorized the execution of a similar oil and gas lease to appellant Myers, which appears to cover that portion of the tract involved in the first instrument which lay alongside the road, and was known as the borrow pit. The lease was executed and delivered on the same day, and in June, 1938, Myers assigned part of his interest under it to appellant Dickerson. In March, 1938, the Brauers executed and delivered a quitclaim deed for the real estate described in appellants' lease to the People of the County of Fayette, and in July, appellant Dickerson prepared to drill for oil and gas on the premises, whereupon appellee filed its bill of complaint praying an injunction to restrain appellants from drilling on the premises leased to appellee and for damages for the trespass and for clouding appellee's title in the lease, and to compel them to remove their drilling apparatus from the premises.

The court concluded that the instrument of December 29, 1932, from the Brauers to the People of the County was intended to be and was a dedication for the purpose of a public highway and granted to the public only an easement for such purpose and did not convey the fee in the real estate or the oil and gas located thereon or thereunder; that it did not vest any right, title or interest in the real estate in the County for the reason that the conveyance to the People of the County was not in effect a grant to the County, the grantee not being legally capable of taking title to real estate; that after its execution, the fee simple title to the premises remained in the Brauers who could execute a valid oil and gas lease at all times; that their quitclaim deed subsequently executed to the people of the County was ineffective to alter the interest of appellee under its lease; that appellants' lease was invalid and unenforceable; that their drilling for and removal of oil and gas from the premises would cause appellee irreparable damage for which there was no adequate remedy at law; that appellants were not entitled to the affirmative relief prayed by them in an amended answer and counterclaim filed by them in which they asked that the court cancel appellee's lease and remove the cloud on appellants' interest in the premises in question. The court accordingly issued

the permanent injunction against appellants.

Appellants earnestly contend that the designation of the instrument, "Dedication of right of way for public road purposes," as well as the recitation in the body of it of the purpose for which the land was purchased, were both merely surplusage and not necessary to a valid conveyance, hence they do not add to or take from the legal effect of such conveyance as a deed conveying the title in fee. By such construction of the instrument they seek to give the maximum effect to the words "grant and convey," and to completely ignore the other terminology of the instrument which to us appears to be definitive of its real intent. The words "grant and convey" are not incompatible with the conveyance of a lesser interest than the fee, and where it appears from other language of an instrument that something other than a conveyance in fee was contemplated, effect must be given to such other language.

Giving effect to all the language of the instrument, we find nothing inconsistent with the ordinary common law dedication. Appellants contend that this construction reduces "what otherwise was almost a perfect conveyance of a title in fee, to that of an easement." That is to say, if the "label" of the instrument were different, and if the purpose of the conveyance were not limited by definition, and if the word "dedicate" were not used, and if there were a grantee capable of taking title, the instrument would constitute a good conveyance in fee. Hence, although all the elements are consistent with a dedication by deed, we are asked to construe the instrument as conveying a fee simple interest. We find no authority for such construction, but hold that the instrument is just what it purports to be, namely, a dedication to the People for public road purposes.

It remains to determine what interest is created by dedication. By common law dedication the fee does not pass. The public acquires only an easement or such an interest in the land as is necessary for its use, while the fee remains in the grantor. See Cincinnati v. White, 6 Pet. 431, 8 L.Ed. 452; Prall v. Burckhartt, 299 Ill. 19, 132 N.E. 280, 18 A.L.R. 992; Moore v. Gar Creek Drainage Dist., 266 Ill. 399, 107 N.E. 642; 16 Am.Jur. on Dedication, section 56; Annotation, 3 L.R.A. 831. While the State of Illinois provides a mode of statutory dedication by plat, by which the fee simple interest is conveyed (Smith-Hurd Ann.St. Ch. 109, sec. 3), its provisions are applicable for urban communities rather than rural. In the case, Town of Palatine v. Kreuger, 121 Ill. 72, 12 N.E. 75, 76, the court stated: "Where a highway is located over lands outside of an incorporated town, the public acquire only' an easement of passage, with the rights incident thereto; while the owner of the land over which the road is laid retains the fee, and the ownership of everything connected with the soil, for all purposes not incompatible with the public right of way. * * * In the location of highways in the county, the public require nothing more than an easement, with the rights incident, under which may be included the right to tile drain beneath the soil, and the right to use the soil or other material on the line of the road for construction and repairs." The same conclusion was reached in Town of Hudson v. Carrithers, 201 Ill.App. 153, where the court said: "The conclusions to be drawn from a consideration of the cases in this State is that the owner of the fee in a public highway outside of an incorporated city or village has a right to use said highway for any purpose of his own not incompatible with the free, safe and convenient use thereof by the public for public travel thereon, and that whether a use thereof in a particular manner by the owner of the fee therein interferes with the free, safe and convenient use thereof by the public, and thereby becomes an obstruction, is a question of fact for the jury to determine."

We conclude, therefore, that under the authority of the Illinois cases, the instrument here involved constituted a common law dedication under which an easement only was conveyed to the People of the County, leaving the fee simple interest in the grantors, including all rights in the oil and gas on the premises which they could in turn transfer to appellee's assignor by lease, and that the County had no such interest as it sought to convey by lease to appellant Myers.

Appellants urge the significance of such facts as the payment of full consideration for the land; the conveyance of two strips, one of which was in fact used for the road and the other for the borrow pit which was the subject of the leases; the subsequent quitclaim deed by the Brauers to the County. However, in view of the form

262

and language of the instrument, we do not consider these factors controlling.

Appellants also call to our attention a decision of the District Court for the Eastern District of Illinois, announced October 13, 1938, Carter Oil Co. v. Welker, 24 F.Supp. 753, 754, now pending on appeal to this court. There a somewhat similar question was presented as to the construction of an instrument whereby the grantor "does hereby convey and warrant to * * [a railroad] as and for its right-of-way, a strip. * * *" Without in any way passing on the correctness of the decision of the case, that the instrument involved conveyed the fee simple interest of the grantor to the railroad, we simply note in passing that it appears from the opinion in the case that the instrument involved differs in so many respects from that involved in the case at bar that it furnishes no guide to us in the decision of this case.

Decree affirmed.