James E. Davis and Minnie Davis, Appellees, v. M. E. Robinson and Maud Robinson, Appellants.

Opinion filed November 8, 1939.

D. F. Moore, of Benton, for appellants.

Everett Lewis and Roy C. Martin, both of Benton, for appellees.

Mr. Justice Dady delivered the opinion of the court.

The appellees, James E. Davis and Minnie Davis, (hereinafter called the "plaintiffs"), brought this suit for forcible entry and detainer against the appellants, M. E. Robinson and Maud Robinson (hereinafter called the "defendants"), for possession of a dwelling house and two adjoining lots located in the city of Sesser, Illinois. The suit was commenced on August 12, 1938, before a justice of the peace in Franklin county. On appeal from the justice court, the cause was tried by the circuit court of Franklin county without a jury on December 5, 1938, and judgment was rendered in favor of the plaintiffs and against the defendants for possession of the whole of the premises. The defendants appeal.

Prior to the commencement of the actual trial, the defendants filed their written motion for a rule on the plaintiffs to elect under which clause or clauses of section 2 of the Statute of Forcible Entry and Detainer [Ill. Rev. Stat. 1937, ch. 57, § 2, p. 1700; Jones Ill. Stats. Ann. 109.264] they would proceed. We are not required to consider or decide whether said motion was proper. The plaintiffs did not contest or question this motion, but in response thereto, the plaintiffs voluntarily and without a court order filed their written election and stated they relied upon clause 1 and clause 3 of section 2 of said act. Section 2 of said Forcible Entry and Detainer Act provides, that the person entitled to the possession of lands or tenements may be restored thereto under clause 1 of said section when a forcible entry is made thereon, and under clause 3 of said section 2 when entry is made into vacant or unoccupied lands or tenements without right or title.

The main point relied upon by the defendants to reverse the judgment is that the evidence before the court was not sufficient to sustain the judgment under either clause 1 or clause 3 of said section 2 of said Forcible Entry and Detainer Act.

It appears from the evidence that the property in question was owned by Dr. J. H. Vetter "several years" before the trial. "Ten or twelve years" before the trial Vetter, who at that time was in possession of the property, moved to Rockford, Illinois, where he has since resided. At the time Vetter moved he left the property in charge of J. R. Weatherington who lived on the property "so long as he remained in Sesser." In June of 1934 one Otie, with the permission of J. R. Weatherington, was in possession of the property. On June 18th or 21st of 1934 Otie moved out of the property and turned over the keys to the defendants without any authority from the Vetters. At the time Otie was moving out the defendants were moving into the property and Otie removed the last of his effects after the defendants had moved in. The defendants have since occupied the property and are now in possession. On June 30, 1938, Vetter, his wife and daughter, conveyed all of their interest in the property to the plaintiffs by quitclaim deed of that date. None of the Vetters testified at the trial. The plaintiffs have never been in actual possession of the property.

In actions based on clause 1 of section 2 of the act, above mentioned, the plaintiff must charge and prove he was in actual possession of the premises and his possession was invaded by the defendant. An invasion of the plaintiff's actual possession of the premises at the time of the alleged entry is a prerequisite to recovery. (*West Side Trust & Savings Bank v. Lopoten,* 358 Ill. 631.) The plaintiffs, we find, never having been in actual possession, could not recover under clause 1. Assuming but not holding that the

evidence shows the defendants invaded the possession of Vetters, and although the Vetters or some one of them may have had a cause of action, the plaintiffs, as assignees, cannot avail themselves of the Vetters' right under said clause 1 for the reason that this right of action cannot be assigned. (*Fitzgerald v. Quinn,* 165 Ill. 354.)

The plaintiffs' proof likewise fails to sustain the judgment under clause 3 of section 2 of the Forcible Entry and Detainer Act. It is essential under this clause to show an entry made into vacant and unoccupied lands or tenements without right or title. The proofs show and we find that the property was not vacant or unoccupied. The terms vacant or unoccupied lands and tenements have been construed to mean "not in the actual possession of any one." (*Wylie v. Fisher,* 337 Ill. 488.) The evidence shows that the acts of Otie in moving from the property and the acts of the defendants in taking possession of the property were simultaneous and concurrent and that there was no time when the property was not in the actual possession of one or the other of such parties.

The plaintiffs do not urge or pretend to sustain the judgment on either clause 1 or clause 3 of said section 2 relied on by them in the trial court, but state in their brief and argument that a right of action exists under the second clause of section 2 which gives a right to relief when a peaceable entry is made and the possession unlawfully withheld. The plaintiffs have now shifted their deliberate position taken in the trial court and have assumed in this court a new theory. A party cannot try a case on one theory in the trial court and on another theory in a court of review. (*Chicago Title & Trust Co. v. DeLasaux,* 336 Ill. 522.) This rule is applicable and is enforced whether the result is in their favor or against them. (*Pluard v. Gerrity,* 146 Ill. App. 224.) It is the rule both in law and equity. (*Jack-*

*sonville Hotel Bldg. Corp. v. Dunlap Hotel Co.,* 350 Ill. 451; *Stevens v. Partridge,* 109 Ill. App. 486.) Its enforcement promotes consistency of action before the courts, and prejudice need not first be shown before the courts will enforce such rule. This rule of practice is not considered arbitrary by the courts and is considered necessary for the administration of justice. (*Kellner v. Schmidt,* 328 Ill. 426.) The plaintiffs have violated this rule. Whether the evidence in this case does or does not sustain the judgment under clause 2 of said section 2 of the Forcible Entry and Detainer Act, we do not decide. The defendants prepared and tried the case on the grounds relied on by the plaintiffs in the trial court. The plaintiffs on their own motion adopted a definite theory for recovery, which we hold is not sustained by the evidence, and this court must review the case as presented to the trial court by the parties herein and does not sit to try issues presented for the first time in this court. (*Wollenberger v. Hoover,* 346 Ill. 511; *Stevens v. Partridge, supra.*)

For the reasons assigned the judgment of the trial court is reversed. The reversal in this case, however, will be without prejudice to the right, if any, of the plaintiffs to bring suit under clause 2 of section 2 of said Forcible Entry and Detainer Act, such cause of action, if any, not having been claimed by the plaintiffs in the trial court or adjudicated in this suit.

*Reversed.*