(No. 31823.

THE DEPARTMENT OF PUBLIC WORKS AND BUILDINGS, Appellee, *vs.* JULIUS GORBE *et al.*, Appellants.

*Opinion filed March 22, 1951—Rehearing denied May 21, 1951.*

FRED P. SCHUMAN, of Granite City, for appellants.

IVAN A. ELLIOTT, Attorney General, of Springfield, (WILLIAM C. WINES, of Chicago, of counsel,) for appellee.

\* Mr. JUSTICE WILSON delivered the opinion of the court:

April 2, 1948, the Department of Public Works and Buildings filed a petition in the circuit court of Madison County to condemn two parcels of land for highway purposes. In addition, the Department also filed a declara-

---

\* This opinion was prepared by the late Mr. Justice Wilson and has been adopted and filed as the opinion of the court.

tion of the taking of private property for public use, seeking the immediate vesting of title upon payment of the estimated compensation into court, under section 2a of the Eminent Domain Act, added in 1947. (Ill. Rev. Stat. 1947, chap. 47, par. 2a.) The defendants, Julius and Elizabeth Gorbe, owners of one of the tracts involved, moved to dismiss the declaration of taking and to enjoin the Department from interfering with their use of the property until compensation had been fixed by a jury and paid, principally upon the grounds that section 2a is unconstitutional in several enumerated respects. This motion and an amended motion to dismiss the declaration, filed February 18, 1950, were treated by the court as motions, under section 5a of the Eminent Domain Act, added in 1949, to strike the declaration and dismiss the action. (Ill. Rev. Stat. 1949, chap. 47, par. 5a.) April 20, 1950, an order was entered denying defendant's motions and declaring the title to the real estate to be vested in the State. A direct appeal to this court from an order denying a motion to strike a declaration of taking and to dismiss the action is authorized by section 12 of the Eminent Domain Act, as amended in 1949. (Ill. Rev. Stat. 1949, chap. 47, par. 12.) We have granted defendants' petition for leave to appeal within one year.

The declaration of taking provided for by section 2a of the Eminent Domain Act was originally limited to the condemnation of land for highway purposes. (Laws of 1947, p. 905.) It has since been extended to blighted vacant areas taken for housing purposes. (Laws of 1949, p. 866.) The declaration of taking, which is to be signed by the Governor, or his duly authorized agent, may be filed any time prior to judgment and shall contain a description and plan of the property taken and statements of the public use involved, the estate or interest taken for public use and the amount of money estimated to be just compensation. Upon the filing of the declaration and the deposit of the

estimated compensation with the clerk of the court, the title or estate specified shall vest in the State, the right of entry being postponed for five days, in all events, and a maximum of six months in case of undue hardship to the persons in possession. Simultaneously, the right to just compensation shall vest in the persons entitled thereto and, upon application, the court shall order the money deposited with the clerk paid forthwith, for and on account of the compensation to be awarded. Thereafter, the cause shall proceed to a determination of just compensation, as in other cases. If the compensation finally awarded exceeds the estimated compensation, judgment shall be entered against the State for the amount of the deficiency. Where the award is less than the estimated compensation, the State is entitled to a judgment for the amount of the excess.

The first and principal contention made by defendants is that section 2a of the Eminent Domain Act contravenes section 13 of article II of our constitution in that it permits the taking and possession of private property for public use and the vesting of title in the State before the payment of just compensation to the owner of the property taken. Section 13 of article II of the constitution provides: "Private property shall not be taken or damaged for public use without just compensation. Such compensation, when not made by the state, shall be ascertained by a jury, as shall be prescribed by law." Defendants' interpretation of the constitutional provision invoked is fully supported by numerous decisions of this court. (*People ex rel. O'Meara* v. *Smith,* 374 Ill. 286; *People ex rel. Hesterman* v. *Smart,* 333 Ill. 135; *City of Winchester* v. *Ring,* 315 Ill. 358; *Moore* v. *Gar Creek Drainage Dist.* 266 Ill. 399; *Caldwell* v. *Com'rs of Highways,* 249 Ill. 366; *People ex rel. Decatur and State Line Railway Co.* v. *McRoberts,* 62 Ill. 38.) As stated in *Moore* v. *Gar Creek Drainage Dist.* 266 Ill. 399: "Section 13 of article 2 of the constitution provides that private property shall not be taken or damaged for public

use without just compensation. This is a guaranty that no citizen shall be thus deprived of his property until compensation for the same has not only been fixed but paid to him."

In *City of Winchester* v. *Ring,* 315 Ill. 358, this court said: "The right to enter upon and appropriate the land arises not out of the order of condemnation, but [out of] the payment of the compensation and damages awarded within the time fixed by the court, * * *." *People ex rel. Hesterman* v. *Smart,* 333 Ill. 135, involved an attempt by a municipality to credit compensation for property taken in connection with a local improvement *pro rata* against all the installments of a special assessment. This was held to violate both the constitution and the Local Improvement Act, the court saying: "The crediting of an award *pro rata* against the entire ten installments is not such a compliance with the constitution as would warrant the taking of the property for public use prior to the time when the last installment became due and is manifestly against the intention of the legislature as expressed in the act." And, in *People ex rel. O'Meara* v. *Smith,* 374 Ill. 286, we observed that "it has been our uniform holding that payment in advance of physical invasion of private property sought to be taken for public use has been required since the 1870 constitution was adopted."

Urging that section 13 of article II of the constitution does not require that the determination and payment of just compensation shall precede the taking and possession of private property, the Department of Public Works and Buildings argues that every case cited by defendants involved a statute which either expressly, or by construction, provided for the payment of compensation contemporaneously with the taking of the property condemned. As the quoted excerpts from the *Smith, Smart,* and *Moore cases* plainly disclose, the rule pronounced is founded upon

constitutional guaranties rather than upon statutory provisions. The constitutional guaranty requiring the payment of compensation for property taken or damaged for the public use is self-executing, requires no legislation for its enforcement, and cannot be impaired by legislative enactment. *People ex rel. Alexander* v. *City of Mt. Vernon,* 404 Ill. 58; *People ex rel. Wanless* v. *City of Chicago,* 378 Ill. 453.

The assertion is made that fifteen States have constitutional provisions substantially equivalent to ours and that the courts in none of these jurisdictions have construed their constitutional guaranties to prohibit the taking and use of private property before the payment of just compensation. Whatever the rule may be elsewhere, it is firmly settled in Illinois that the constitutional guaranty against the taking of private property for public use without just compensation prohibits the possession and use of private property until just compensation has been fixed and paid. *People ex rel. O'Meara* v. *Smith,* 374 Ill. 286; *People ex rel. Hesterman* v. *Smart,* 333 Ill. 135; *Moore* v. *Gar Creek Drainage Dist.* 266 Ill. 399; *Caldwell* v. *Com'rs of Highways,* 249 Ill. 366.

The payment of estimated compensation, as provided for by section 2a of the Eminent Domain Act, falls short of payment in full of the amount of just compensation determined by a court or jury, and the Department does not contend otherwise. It follows that section 2a authorizes the taking of private property before compensation is determined and paid and, consequently, is unconstitutional and void.

The order of the circuit court of Madison County is reversed and the cause remanded, with directions to proceed in accordance with the views expressed in this opinion.

*Reversed and remanded, with directions.*