(No. 46065.—

THE COUNTY OF DU PAGE, Appellee, v. RICHARD J. KUSSEL, Appellant.

*Opinion filed March 29, 1974.—Rehearing denied May 31, 1974.*

David K. Anderson, of Skokie, for appellant.

John J. Bowman, State's Attorney, of Wheaton (James F. Campion, Assistant State's Attorney, of counsel), for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

The circuit court of Du Page County, following a bench trial, entered judgment in favor of plaintiff, County of Du Page, and against the defendant-counterplaintiff, Richard J. Kussel, in the amount of $152.18 on its complaint, and in favor of plaintiff and against defendant on defendant's counterclaim. Defendant appealed and the appellate court affirmed in part, but reversed that part of the judgment which denied defendant the injunctive relief sought in his counterclaim. (12 Ill. App. 3d 272.) We allowed defendant's petition for leave to appeal. The facts are accurately stated in the opinion of the appellate court and will be restated here only to the extent necessary to this opinion.

This litigation was commenced by plaintiff's filing a small-claim complaint to collect fees for sewer services allegedly rendered to defendant. Simply stated, the issues framed by plaintiff's complaint and defendant's answer were whether plaintiff had furnished sewer services to defendant, and whether defendant, by reason of an oral agreement with plaintiff's predecessor in title, was entitled to those services without payment of the fees claimed by plaintiff. The trial court found that plaintiff was entitled to payment of the fees and we agree with the appellate court that the record supports the trial court's findings.

In his counterclaim, in addition to an injunction,

defendant sought to recover for damages to his property and for the cost of necessary repairs. His theory of liability in the trial and appellate courts was predicated on plaintiff's alleged negligence, and in this court he expands his theory and asserts that the maintenance of plaintiff's sewage pipes constitutes "a public nuisance in fact." We agree with the appellate court that defendant failed to prove that plaintiff's negligence was the cause of the alleged damage. Concerning the contention that the maintenance of plaintiff's sewer pipes constituted a nuisance, it suffices to say that the existence of an actionable nuisance was neither pleaded nor proved.

Plaintiff contends that defendant failed to sustain the burden of proof that, as alleged in his counterclaim, it had no legal right to maintain its sewer line on his land. Plaintiff does not assert a claim of an easement over defendant's property as the result of a grant or by prescription, and the maximum right shown by the evidence was a license revocable at will. (*Petersen v. Corrubia,* 21 Ill.2d 525; *Mueller v. Keller,* 18 Ill.2d 334; *Boland v. Walters,* 346 Ill. 184.) We agree with the appellate court that the trial court erred in denying defendant injunctive relief.

We conclude that the appellate court correctly decided the issues and entered an appropriate remanding order. Its judgment is affirmed.

*Judgment affirmed.*