CHICAGO TITLE AND TRUST COMPANY, Trustee, *et al.*, Plaintiffs-Appellants, *v.* THE VILLAGE OF BURR RIDGE *et al.*, Defendants-Appellees.

Second District (2nd Division)   No. 75-264

Opinion filed August 19, 1976.

Rathje, Woodward, Dyer & Burt, of Wheaton, for appellants.

Newell N. Jenkins, of Klein, Thorpe, Kasson & Jenkins, of Chicago, for appellees.

Mr. JUSTICE DIXON delivered the opinion of the court:

. The plaintiffs, Chicago Title and Trust Company, as trustee under Trust No. 53853 and Herbert K. Layland, Sr., commenced this action against the defendants Village of Burr Ridge and George Marich & Sons seeking a temporary restraining order restraining defendants from constructing a water main in the right of way of a public highway and also seeking a permanent injunction. The temporary relief was denied and after a hearing on the merits the Circuit Court of Du Page County dismissed the complaint. Plaintiffs appeal.

In 1949 Stanley and Marie Adamski sold some land to the State of Illinois for "the purpose of a public highway." It was stipulated by the parties hereto that the Adamski conveyance for highway purposes was a common law dedication constituting an easement for highway purposes. The fee remains in the abutting owner. See *Carter Oil Co. v. Myers* (7th Cir. 1939), 105 F.2d 259, quoted with approval in *Magnolia Petroleum Co. v. West*, 374 Ill. 516, 522; 32 Ill. L.&Pr. *Roads & Bridges* §101 (1957).

In 1969 the Trust Company obtained title to the abutting real estate which included the highway easement. In short, plaintiff Trust Company is an abutting property owner who holds fee title subject to a highway easement.

In 1973 the Trust Company signed a petition for annexation and the real estate, including the highway, was annexed to the defendant Village of Burr Ridge.

On January 20, 1975, the Village contracted with George S. Marich and Sons for the installation of a 12-inch water main under the right of way. The State of Illinois Department of Transportation issued a permit allowing the work to be done.

■■ Injunction is a proper remedy when an unlawful appropriation of land is attempted for the use of a public corporation which has not acquired the right by condemnation or otherwise. (*County of Du Page v. Kussel*, 12 Ill. App. 3d 272, 278, *aff'd*, 57 Ill. 2d 190.) Any use of the highway which is not within the scope of the public easement is an infringement on the rights of the owner of the fee, for which he may invoke the ordinary remedies.

Plaintiffs contend that the State was given a restrictive easement for roadway purposes only and that since installation of water pipes is not a use related to travel over the dedicated property their installation is a taking for public use without compensation.

They principally rely on a Circuit Court opinion, *Naperville Development v. City of Naperville*, No. 71-1856-G, 18th Judicial Circuit, and *Postal Telegraph-Cable v. Eaton*, 170 Ill. 513. Neither case is applicable on the facts as the first involves power poles and the other

telegraph poles erected along rural highways while the instant case involves a subsurface use of the highway.

■■ Illinois has drawn a distinction between use of streets in cities and towns for sewers, gas and water pipes and the use of rural highways for the same purpose. (*Town of Old Town v. Dooley,* 81 Ill. 255.) But it is generally assumed that *underground* installations which are for the benefit of the public at large and which do not impair the use of the highway have been regarded as falling within the highway easement. *Barrows v. City of Sycamore* (1894), 159 Ill. 588, 593; *Cammers v. Marion Cablevision,* 64 Ill. 2d 97.

■■ In *Town of Palatine v. Kreuger,* 121 Ill. 72, what was originally a rural highway later became incorporated into the Town. The court stated on page 74, "* * * it is to be treated in the same way as a street laid out by the authorities of the incorporated town, and the rights and obligations of the defendant, and the rights of the public in reference to the street are the same as if it had been so laid out by the town after it became incorporated." The court further said,

> "In the location of highways in the country, the public require nothing more than an easement, with the rights incident, under which may be included the right to tile-drain beneath the soil, and the right to use the soil or other material on the line of the road for construction and repairs. But the uses to which streets may be put in incorporated towns, where the fee of the street may remain in the owner of the adjoining land, are far more numerous. It may be necessary to change the grade; culverts, drains and sewers may be required; gas-pipes and water-pipes may be needed, and the authorities of the incorporated town or city may lay them, or authorize them to be laid, under the streets; lamp-posts may be erected on the streets, and various other improvements which the public wants may require; and while the owner of the land adjoining the street may own the fee in the street, he has no right to do any act which will interfere with the rights of the public to the use of the street for all purposes for which they may be needed by the public."

In *City of Dixon v. Sinow & Weinman,* 350 Ill. 634, 636, the court said:
> "In the case of a street, where the fee remains in the adjacent land owner, the public authorities may change the grade, build sewers, drains and culverts, lay water pipes * * * and the owner of the fee has no right to interfere with the use of the street for public purposes."

Also see *Elmhurst National Bank v. Chicago,* 21 Ill. App. 2d 180.

■■ While the legislature may provide for or withhold compensation to an abutting owner of the fee on authorizing the use by the public of

space under a public way, the use of city streets below the surface, authorized, as for sewers, culverts and drains, water mains and pipes *does not constitute such an additional servitude as entitles abutting owners to compensation, if such use is for the public benefit.* 29A C.J.S. *Eminent Domain* §133 (1965); 26 Am. Jur. 2d *Eminent Domain* §225 (1966).

The provisions of sections 11—80—2 and 11—80—7 of the Municipal Code (Ill. Rev. Stat. 1973, ch. 24, pars. 11—80—2 and 11—80—7) give the Village authority to "regulate the use of streets" and to regulate openings in streets for laying, building and removing "water mains and pipes."

It further appears that the legislature has not provided for compensation in the instant case. Section 9—113 of the Illinois Highway Code (Ill. Rev. Stat. 1973, ch. 121, par. 9—113) as applicable provides:

"No * * * pipe line of any municipal corporation * * * shall be constructed along any highway, *other than a highway or road within a municipality* without first obtaining the written consent of the appropriate highway authority * * *." (Emphasis supplied.)

This statute further requires the paying of damages to owners of property abutting upon the affected highways established as though by common law plat "other than a highway within a municipality."

We are unable to discern any substantial burden visited on plaintiff's property by the installation of these water mains. A denial of the use of a highway within city limits for the purpose of transporting water to areas where it is needed, as in the instant case, would be the rejection of evolutionary change. (See 5 Restatement of Property §479.) We therefore hold that the construction of a municipal water main under a highway in the instant case is not an added burden on such land for which the owner must be compensated.

The judgment of the Circuit Court of Du Page County is affirmed.

Affirmed.

T. J. MORAN, P. J., and RECHENMACHER, J., concur.