JEFFERSON LEWIS, Trustee of the Laura Marie Warnsing Trust, Plaintiff-Appellee, *v.* ILLINOIS BELL TELEPHONE COMPANY, Defendant-Appellant.

Fourth District    No. 17642

Opinion filed June 15, 1982.

Alfred B. LaBarre, of Ensel, Jones, Blanchard & LaBarre, of Springfield, for appellant.

Nolan Lipsky, of Petersburg, for appellee.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

This case concerns the right to possession of an area extending from north to south of approximately one-half mile in length and three feet underground where defendant, Illinois Bell Telephone Company, had laid a cable to be used for the transmission of messages for its customers and those of two other utilities. The cable was laid under a ditch which was some five to 10 feet east of the east edge of the paved portion of a highway. The fee interest in the east half of the paved portion of the highway, the ditch area and the adjoining land to the east, was in plaintiff as trustee. Many years prior to the laying of the cable, plaintiff's prede-

cessors had granted the State of Illinois an easement for highway purposes over the area covered by the highway and the ditch. An easement for the laying of a telephone cable in an area near defendant's cable had earlier been granted to another utility but no easement had been granted to defendant.

On September 14, 1981, plaintiff brought suit in the circuit court of Menard County in forcible entry and detainer (Ill. Rev. Stat. 1979, ch. 57, par. 1 *et seq.*) against defendant seeking possession of the area where the cable had been placed. On November 6, 1981, the court entered judgment for plaintiff. The judgment awarded plaintiff possession but its effect was stayed for 60 days. The judgment further provided that it would be vacated if within that time either the parties agreed as to the compensation to be paid plaintiff for an easement or defendant initiated proceedings to take the easement by eminent domain. Defendant has appealed. We affirm.

An understanding of the case before us requires knowledge of section 9—113 of the Illinois Highway Code (Ill. Rev. Stat. 1979, ch. 121, par. 9—113) which provides that "[n]o ditches, drains, track, rails, poles, wires, pipe line or other equipment * * * shall be located, placed or constructed upon or along" any road or highway of a governmental unit, other than a road or highway within a municipality, without the written consent of "the appropriate highway authority." The section further provides that upon receiving the foregoing authority:

> "The petitioner shall pay to the owners of property abutting upon the affected highways established as though by common law plat all damages the owners may sustain by reason of such use of the highway, such damages to be ascertained and paid in the manner provided by law for the exercise of the right of eminent domain." Ill. Rev. Stat. 1979, ch. 121, par. 9—113.

The evidence at trial showed that defendant had obtained consent of the State of Illinois to lay its cables under the ditch. The evidence also showed that the parties had been unable to agree as to compensation to be paid to plaintiff. Apparently defendant installed the cable on the assumption that section 9—113 gave it authority to do so whenever consent of the State was obtained and that compensation due the plaintiff, if any, would be determined later.

The facts of this case are almost exactly the same as those in *Lewis v. Illinois Bell Telephone Co.* (1981), 98 Ill. App. 3d 1047, 425 N.E.2d 55. That case involved a similar dispute which arose when, after being unable to agree with another owner of the adjacent land and of the fee subject to a highway easement, defendant obtained consent of the State to lay another segment of the same telephone cable line involved in the present case under the highway easement and proceeded to do so without the fee

owner's consent. The fee owner then obtained a judgment in forcible entry and detainer against the defendant. On appeal, we affirmed. We held that section 9—113 was not a delegation of the power of eminent domain to those required to obtain consent under section 9—113 but a limitation on their power of eminent domain. We stated that the entity seeking to further encumber land subject to an easement for highway or road purposes is required not only to obtain the consent of the governmental unit having the easement but also to bring an action in eminent domain against the fee owner. Although affirming, we directed the trial court to enter a supplementary order requiring that the stay previously granted by the trial court pending the appeal be extended and the defendant be required, within 60 days, either to agree with plaintiff as to compensation or to initiate proceedings in eminent domain to obtain the easement being used. The trial court order in the case on review was patterned after the order we directed in that case.

■■ Despite the factual similarity between the foregoing case and the instant one, defendant maintains the precedent is not controlling for two reasons. First, defendant correctly asserts that in order to prove a cause of action in forcible entry and detainer as pleaded by plaintiff, he was required to prove that he was in possession of the real estate interest, in which possession was sought, at the time of the claimed forcible entry by the defendant. (Ill. Rev. Stat. 1979, ch. 57, par. 2; *Thompson v. Sornberger* (1871), 59 Ill. 326; *Davis v. Robinson* (1939), 302 Ill. App. 365, 23 N.E.2d 816.) That issue was not raised in *Lewis I* but has been raised here, and defendant asserts that the possession in plaintiff prior to the forcible entry was not proved. Secondly, defendant relies upon dictum in *Cammers v. Marion Cablevision* (1976), 64 Ill. 2d 97, 354 N.E.2d 353, to the effect that underground installations which, as those here, benefit the public and do not impair the use of the highway, are part of the highway easement and not an additional burden on the fee. The statement in *Cammers* distinguished underground installations from above ground installations which admittedly were an additional burden of the fee and entitled the entity owning the fee and adjacent land to compensation for the additional burden. The question of whether underground installations such as that involved here fall within the highway easement was apparently not raised in *Lewis I* either because the opinion indicated the defendant agreed that some compensation was due the plaintiff.

We address the second issue first because, if the placement of the cables underground was a part of the use of the highway easement, then plaintiff would not have been in possession of the property interest involved when defendant installed the cables.

Illinois precedent for defendant's theory begins with *Barrows v. City of Sycamore* (1894), 150 Ill. 588, 37 N.E. 1096. There, a city erected a

water tower in the center of a city street. An adjoining owner's complaint for damages resulting from the presence of the water tower was held to have been properly dismissed as to most counts. The supreme court stated that the placement of the tower in the street was in violation of the trust under which the city held the fee title to the area of the streets but held that the obstruction of the street created no right to damages in a particular individual. The court found that one count seeking damages for obstruction of light to the plaintiff's lot did state a cause of action.

In *Chicago Title & Trust Co. v. Village of Burr Ridge* (1976), 41 Ill. App. 3d 112, 354 N.E.2d 61, the appellate court affirmed a circuit court judgment dismissing a suit brought by an adjoining landowner who owned the fee interest in the area covered by a street, seeking to enjoin a city from constructing a water main under the street. The land had been annexed to the city after the highway easement had been given by the adjoining owner's predecessor in title. The appellate court recognized a distinction between the use of streets in incorporated municipalities for sewers, gas, and water pipes and similar use of the roads and highways. The court then said:

> "But it is generally assumed that *underground* installations which are for the benefit of the public at large and which do not impair the use of the highway have been regarded as falling within the highway easement. *Barrows v. City of Sycamore* (1894), 15[0] Ill. 588, 593; *Cammers v. Marion Cablevision* [(1976)], 64 Ill. 2d 97." 41 Ill. App. 3d 112, 114, 354 N.E.2d 61, 62.

We do not interpret anything stated in *Barrows* to indicate that underground installations for public use which do not impair the highway easement are a part of the highway easement. Certainly such a conclusion was no part of the decision. There the use in issue was an above-ground structure, and the city held not merely an easement but a fee interest in the street, albeit one which was subject to a trust. Subsequent to *Barrows*, in *Springer v. City of Chicago* (1923), 308 Ill. 356, 139 N.E. 414, the supreme court held that the fee owners of a lot which extended into a street were entitled to compensation from a city that placed a sewer under the portion of the lot that extended into the street. *Cammers* concerned a private as distinguished from a public use of an easement under a highway.

We interpret the rationale of *Burr Ridge* to be that when the highway became incorporated into the municipality, the highway became subject to being treated as a street laid out by the municipality. The opinion cited *Town of Palatine v. Kreuger* (1887), 121 Ill. 72, 12 N.E. 75, as espousing that rule and also mentioned that roads and highways within municipalities do not come within the purview of the previously men-

tioned section 9—113 of the Illinois Highway Code which mentions the right of adjoining owners to damages.

We recognize that many States have adopted defendant's theory. (See 29A C.J.S. *Eminent Domain* sec. 133 (1965); 26 Am. Jur. 2d *Eminent Domain* sec. 225 (1966 and 1981 Supp.).) However, some have not. (*Frederick Gas Co. v. Abrams* (1972), 264 Md. 135, 286 A.2d 766; *Koch v. Louisiana Power & Light Co.* (La. App. 1974), 298 So. 2d 124.) We do not find the theory to have been adopted in Illinois, at least where, as here, the land subject to the highway easement is not in an incorporated area. Defendant recognizes that in laying the underground conduit, it subjected itself to section 9—113 of the Highway Code, the language of which recognizes that owners of the fee are entitled to damages when additional public use is made of the land. The section makes no distinction between underground, surface, or above ground installations. The fee owner was held to have suffered an additional burden upon his interest when a city placed an underground installation below the street in *Springer*. We, accordingly, hold the conduit installed by defendant not to have been a use of the highway easement but to have constituted an additional burden upon plaintiff's fee interest.

We now turn to the question of whether, just prior to the time defendant installed the underground conduit, plaintiff was in possession of the fee interest of the land subject to the highway easement. We are aware of no case dealing with possession under these circumstances. Cases cited by defendant concern the question of possession of the surface and turn on whether the plaintiff had fenced the land (*Allen v. Tobias* (1875), 77 Ill. 169), cultivated it (*Thompson v. Sornberger* (1875), 78 Ill. 353), or was in physical occupation of it (*Huftalin v. Misner* (1873), 70 Ill. 205).

■■■ Defendant correctly points out that by the deed of dedication the prior owners of the underlying fee had agreed to completely vacate the surface of the land covered by the easement. However, when a person enters a tract with fee title thereto, the individual's entry upon or improvement of a portion of the tract is deemed a possession of the entire tract. (*Fairman v. Beal* (1852), 14 Ill. 244.) Here, plaintiff's predecessors had possession of an entire tract which included the land upon which the highway easement was later imposed. Upon granting the easement, plaintiff's predecessors gave up right of possession of the surface, but their continued possession in all respects of the adjoining land would indicate a continuing possession of the rights not part of the easement. The evidence showed plaintiff and those holding title before him had paid taxes on the portion of the tract covered by the highway easement. Ordinarily, payment of taxes on a tract is insufficient to prove possession. Here, where it is accompanied by full possession of the land adjacent and no indication

of an intent upon the part of the fee holders to give up possession of the rights not a part of the highway easement, we deem the evidence sufficient for the court to have found plaintiff to have been in possession of the rights invaded by the laying of the conduit.

Defendant also complains that the judgment of the trial court found defendant's entry upon the premises to have been "wilful" and that defendant "wilfully" installed the cables. It deems the findings not to be germane to the sole issue of who was entitled to possession of the real property interest in question. The findings were pertinent, however, to showing the forcible nature of defendant's conduct.

We affirm.

WEBBER and TRAPP, JJ., concur.